IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANNY LANE and BEVERLY LANE,
individually, and for other persons
similarly situated,

    Plaintiffs,

  v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 12-04026 WHA

**ORDER GRANTING LEAVE TO AMEND**

## INTRODUCTION

In a prior order on defendant's motion to dismiss, plaintiffs were permitted to seek leave to amend their complaint by filing a motion within 21 days of the order. Plaintiffs filed such motion, adding a new party and a new claim for relief. Defendant opposes the motion to amend to add the new plaintiff and new claim because the scheduling order deadline to do so had already passed. For the reasons stated below, the motion to amend is **GRANTED**.

## STATEMENT

Plaintiffs Danny and Beverly Lane filed this action in July 2012. In November, the case management scheduling order was filed (Dkt. No. 42). The order set the deadline to seek "to add new parties or pleading amendments" as January 18, 2013 (*id.* at 1). The deadline for fact discovery is months away, and the trial is set for April 2014 (*id.* at 1, 4).

In late November 2012, plaintiffs propounded document requests (Dkt. No. 60-1). Plaintiffs gave defendant a ten-day and then a seventeen-day extension, such that defendant's objections were due on January 7, 2013, and written responses were due on January 14 (*ibid.*). On January 14, defendant sent plaintiffs a proposed protective order and declined to produce any documents (Dkt. No. 60 Exh. 2). On January 18, plaintiffs filed a letter brief protesting defendant's discovery responses and lack of document production (Dkt. Nos. 60, 63). The Court scheduled a meet-and-confer followed by a hearing to resolve the discovery issues (Dkt. No. 62). On January 23, the Court issued an order approving a stipulated protective order (Dkt. No. 67). At the discovery hearing the next day, the Court gave defendant until February 8 to produce the documents (Dkt. No. 72-8). Plaintiffs allege that they received responsive documents on February 8 (Reply 5).

Meanwhile, defendant filed a motion to dismiss on November 30, 2012, with a hearing on January 24, 2013 (Dkt. Nos. 43, 45).

On January 18, while the motion to dismiss was pending and fully briefed, plaintiffs moved to amend their complaint to add two new plaintiffs who were residents of California and would presumably have standing to pursue California state claims (Dkt. No. 63-2). The motion was two pages long and lacked supporting authority (*ibid.*). Instead of appending the proposed amended complaint, plaintiffs requested that they be permitted to do so after the Court ruled on the pending motion to dismiss (*id.* at 3).

On January 24, the hearing on the motion to dismiss was held, and the resulting order was issued (Dkt. Nos. 69, 70). The January 24 order permitted plaintiffs to seek leave to amend their complaint, setting a deadline of February 14 to do so (Dkt. No. 70-23). The order also denied plaintiffs' pending motion for leave to amend to add two new plaintiffs as moot (*ibid.*).

On February 14, plaintiffs moved to amend their complaint per the January 24 order. Among other changes, they added a new plaintiff, California-resident Mercedes Guerrero, and added a new claim under the Bank Holding Company Act (Dkt. No. 76-1–2). Defendant now only disputes the addition of Guerrero and the Bank Holding Act claim (Opp. 5).

1	Defendant contends that in order to add a new party and a new claim, plaintiffs must
2	show that they have good cause to modify the scheduling order, and plaintiffs cannot do so
3	(Opp. 1–2). Additionally, defendant contends that adding Guerrero violates permissive joinder
4	under Rule 20 (Opp. 6–7). Plaintiffs did not raise the good-cause issue in their original motion.
5	Defendant was given an opportunity to file a sur-reply, which it did. Finding that oral argument
6	was unnecessary, the hearing was vacated. Having reviewed the parties' filings, for the reasons
7	stated below, the motion is **GRANTED.**

## ANALYSIS

### 1. MODIFY SCHEDULING ORDER.

To amend a complaint by adding parties and claims after the deadline to do so has past, plaintiffs must satisfy Rule 16(b) to modify the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Under Rule 16(b), any modification to the scheduling order must be based on a showing of good cause, which entails the following:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Id.* at 607–08. Generally, the focus of the diligence inquiry is on the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading. *See Zivkovic v. S. Cal. Edison Corp.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002). A court may deny as untimely a motion to amend filed after a scheduling order cutoff date if no request to modify the order was made. *Johnson*, 975 F.2d at 608–09.

Once Rule 16(b) is satisfied, the requirements of Rule 15 must also be met. *Id.* at 608. Under Rule 15, leave to amend should be freely given when justice so requires. The underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the pleadings or technicalities. *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Leave to amend should generally only be denied under Rule 15 "upon showing of bad faith, undue delay, futility, or

1  undue prejudice to the opposing party." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143,
2  1152 (9th Cir. 2011).

3  Defendant asserts that plaintiffs should not be given leave to amend because they propose
4  to add a new plaintiff and a new claim without being able to show good cause under Rule 16(b).

### A. New Party.

6  This order finds that plaintiffs have good cause under Rule 16(b) and under Rule 24 to
7  add Guerrero as a new party.

8  Plaintiffs have demonstrated good cause under Rule 16(b) because they have been
9  diligent in seeking to add a new party who is a California resident. On January 18, the last
10 day to add parties or claims, plaintiffs moved to add two California residents as plaintiffs
11 (Dkt. No. 63-1). This motion was filed prior to the January 24 order that dismissed plaintiffs'
12 California claims for lack of standing. Although plaintiffs did not move to add the particular
13 party named here, moving to add parties before the scheduling order deadline indicates that
14 plaintiffs have been diligent in seeking to add a California plaintiff.

15 Adding new plaintiffs with parallel claims is governed by Rule 24. None of the parties
16 has discussed Rule 24. Nonetheless, this order finds that Guerrero may be joined under
17 Rule 24(b). Under Rule 24(b)(1)(B), anyone may intervene who "has a claim or defense that
18 shares with the main action a common question of law or fact." Guerrero has similar claims to
19 the Lanes, and common questions of law and fact relating to defendant's policies are shared.
20 Thus, Guerrero may intervene under Rule 24. Defendant makes no argument that adding
21 Guerrero will prejudice it. Adding Guerrero satisfies both Rule 16(b) and Rule 24. This order
22 makes no findings regarding the merits of Guerrero's claims.

### B. New Claim.

24 In addition to adding a new plaintiff, the proposed amended complaint adds a claim
25 under the Bank Holding Company Act, 12 U.S.C. 1972(1)(B). For a claim under this Act,
26 plaintiffs must show that "(1) the banking practice in question was unusual in the banking
27 industry, (2) an anti-competitive tying arrangement existed, and (3) the practice benefits the
28 bank." *S & N Equip. Co. v. Casa Grande Cotton Fin. Co.*, 97 F.3d 337, 345 (9th Cir. 1996).

4

Plaintiffs allege that they have good cause to modify the scheduling order to add the Bank Holding Act claim because their delay was due to defendant's delaying tactics in discovery (Reply 3–5). Plaintiffs contend that discovery was necessary to plead the Bank Holding Act claim and that they were diligent in obtaining discovery from defendant (*ibid.*). Plaintiffs made an early document production request. When defendant did not respond, plaintiffs filed a discovery letter four days later. Upon receiving the documents, plaintiffs filed the proposed amended complaint less than a week later. This order finds that plaintiffs have shown good cause to add the Bank Holding Act claim. Once plaintiffs knew that defendant would not produce the requested discovery, they diligently pursued discovery. In all, plaintiffs are less than a month late in adding the Bank Holding Act claim.

Defendant asserts that discovery was unnecessary to add this claim because plaintiffs had all of the information that they needed to allege this claim without discovery and because plaintiffs' counsel filed a complaint in November 2012 with this exact claim against Wells Fargo in another district court (Opp. 7–8, Sur Reply 2) (citing *Hall et al. v. Bank of America, N.A., et al.*, No. 1:12-cv-22700-FAM (S.D. Fla. filed Jul. 24, 2012) (Chief Judge Federico Moreno). This order disagrees.

It is plausible that plaintiffs' counsel wanted to ensure that the Bank Holding Act claim was viable before adding it. This is further supported by defendant's statement that the anti-competitive element of the Bank Holding Act is "an issue not raised by any of the plaintiffs' claims" (Opp. 8).

Regarding the complaint from the *Hall* action, the insurance companies are not the same in the two actions, and plaintiffs' complaints are not identical (*see* Prop. Amd. Compl. ¶¶ 145, 146, 147(e), 151). While plaintiffs may not have been required to add this additional information, doing so does not cut against plaintiffs' diligent efforts to follow the deadlines set in the scheduling order.

Although defendant does not cite Rule 15 in its brief, defendant appears to argue that the addition of the Bank Holding Act claim prejudices it because adding the claim will require

5

additional motion practice and discovery (Opp. 8). Because defendant has already defended this claim in another action, the additional motion practice or discovery will be minimal.

Defendant's arguments that plaintiffs have not shown good cause are unpersuasive. Because defendant does not argue that giving plaintiffs leave to amend violates Rule 15, this order finds that the liberal pleading rules permit plaintiffs' amendment. Accordingly, plaintiffs may add the Bank Holding Act claim.

### 2.    PERMISSIVE JOINDER.

Defendant contends that adding Guerrero as a plaintiff does not comport with permissive joinder under Rule 20(a) because the transactions underlying her claim and the Lanes' claim are not the same (Br. 6–7). This order disagrees.

Under Rule 20(a), "joinder is proper if (1) the plaintiffs asserted a right to relief arising out of the same transaction and occurrence *and* (2) some question of law or fact common to all the plaintiffs will arise in the action." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). After meeting these requirements, "a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Ibid.* (quotation omitted). "[P]ermissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

The thrust of plaintiffs' complaint is that defendant employed an improper method of purchasing flood insurance on its loans. This transaction is common to all plaintiffs, and facts relating to defendant's procedures and policies are common to all plaintiffs. For purposes of Rule 20, joining Guerrero to this action comports with fundamental fairness because her claims are similar to the claims by the Lanes. Guerrero and the Lanes are thus not misjoined under Rule 20(a).

Defendant asserts misjoinder by defining the transaction as either the Lanes' loan or defendant's purchase of insurance for the Lanes (*id.* at 7). This definition of transaction is too narrow and is contrary to the liberal rules of permissive joinder. Defendant makes no argument

6

1  that it will be prejudiced or that it is unfair to join Guerrero in this action. This order finds that
2  Guerrero may join this action under Rule 20.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to file an amended complaint is **GRANTED**. The response is due by **APRIL 3, 2013**.

**IT IS SO ORDERED.**

Dated: March 20, 2013.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7