Steven A. Owings
E-mail: sowings@owingslawfirm.com
OWINGS LAW FIRM
1400 Brookwood Drive
Little Rock, AR 72202
Telephone:  501/661-9999
Facsimile:  501/661-8393

**Counsel for Plaintiffs**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| DANNY LANE, BEVERLY LANE, and MERCEDES GUERRERO, individually, and for other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendants. | Case No. CV-12-04026 WHA <br><br> **DECLARATION OF STEVE OWINGS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE** <br><br> Action Filed: July 31, 2012 <br> Trial Date:    April 21, 2014 |

I, Steven A. Owings, declare as follows:

1.      I, Steven A. Owings, Owings Law Firm, am an attorney of record for Plaintiffs Danny Lane, Beverly Lane, and Mercedes Guerrero in *Lane v. Wells Fargo Bank, N.A.*, Case No. 3:11-cv-4026. I submit this declaration in support of the *Lane* Plaintiffs' Opposition to the Motion to Shorten Time. My firm and associated law firms, Wagoner Law Firm, Walker Law PLLC, and Law Office of Sheri L. Kelly represent the *Lane* plaintiffs in this litigation.

2.      I, and my co-counsel, have an extensive record in litigating force-placed insurance cases. One or more of us are currently counsel of record in four separate force-placed insurance cases against Wells Fargo Bank, N.A. These are: *Lane*; *Cannon v. Wells Fargo Bank, N.A.*, Case No. 3:12-cv-1376 (N.D. Cal.); *Sayago v. Wells Fargo Bank, N.A.*, Case No. 8:11-cv-2009 (M.D. Fla.); and *Fladell v. Wells Fargo Bank, N.A.*, Case No. 0:13-cv-60721 (S.D. Fla.). One or more of us is also counsel of record in the following pending force-placed insurance putative class action cases against other mortgage servicers: *Hall v. Bank of America*, Case No. 1:12-cv-22700 (S.D. Fla.); *Herrick v. JPMorgan Chase Bank, N.A.*, Case No. 1:13-cv-21107 (S.D. Fla.); *Popkin v. Citibank, N.A.*, Case No. 0:13-cv-60722 (S.D. Fla.); and *Lopez v. HSBC Bank USA, N.A.* Case No. 1:13-cv-21104 (S.D. Fla.). We were also counsel of record in *Gibson v. Chase Home Finance, LLC*, Case No. 8:11-cv-1302 (M.D. Fla.) and *Gordon v. Chase Home Finance, LLC*, Case No. 8:11-cv-2001 (M.D. Fla.) which were both resolved by settlement on an individual basis.

3.      I and my co-counsel consulted with Birny Birnbaum, the expert who provided a report in support of Plaintiffs' motion for class certification, on the topic of what percentage of the force-placed insurance market consists of force-placed flood insurance policies. His report, provided to us on June 5, 2013, is attached hereto as **Exhibit 1**.

4.      The Motion to Intervene is not timely.  On October 22, 2012, the *McKenzie* Plaintiffs filed a Motion to Relate Cases wherein they sought to have Magistrate Judge Spero relate the *Lane* case and *Cannon v. Wells Fargo Bank, N.A.*, Case No. 12-cv-1376 (N.D. Cal.)(J. Chen), with *McKenzie v. Wells Fargo Bank, N.A.*, Case No. 3:11-cv-04965 (N.D. Cal.) ("*McKenzie*") before Judge Spero.  Magistrate Judge Spero and District Judge Chen both denied that motion. **Exhibit 2** is

1

a true and correct copy of the docket sheet, downloaded from this Court's CM/ECF system on June 5, 2013, in *Mckenzie*.

5.  *Morris v. Wells Fargo Bank, N.A.*, Case No. 2:11-cv-474 (W.D. Pa.) ("*Morris*") is pending before the Western District of Pennsylvania. A true and correct copy of the docket sheet for *Morris*, as downloaded from the Western District of Pennsylvania's CM/ECF system on June 5, 2013, is attached hereto as **Exhibit 3**. The docket sheet shows that the *Morris* Plaintiff filed a motion for class certification on September 19, 2012 and that the Court denied this motion two days later on September 21, 2012, without prejudice to refile after a status conference. **Exhibit 3**, Dkt. Nos. 103, 110. It further shows that there has been no further briefing on any motion for class certification in *Morris* or any attempt to set the requested status conference.

6.  On November 30, 2012, this Court entered its Case Management Order. (Dkt. No. 42). That Order includes two deadlines relevant to the timeliness of the *McKenzie* Plaintiffs' motion to intervene. First, the Court set January 18, 2013 as the deadline for adding new parties. Second, the Court set May 9, 2013 as the deadline for filing a motion for class certification. If the *Morris* and *McKenzie* Plaintiffs were interested in seeing that additional defendants are added to the *Lane* litigation, as the Motion to Intervene asserts, the time to intervene and argue these claims would have been prior to the January 18, 2013 deadline.

7.  On May 9, 2013, the *Lane* Plaintiffs filed the motion for certification of a class. (Dkt. No. 92).

8.  On May 24, 2013 a motion to transfer and consolidate this case and others against Wells Fargo in a multi-district litigation proceeding was filed by Shanon Carson and Patrick Madden of the *McKenzie* litigation, along with others. Mr. Carson and Mr. Madden seek to transfer all the Wells Fargo force-placed hazard insurance cases, including the *Lane* case, to the Southern District of Illinois for consolidation with *Simpkins v. Wells Fargo Bank, N.A.*, Case No. 3:12-cv-00768 (S.D. Ill.). **Exhibit 4** is a true and correct copy of the MDL filing as served on the *Lane* Plaintiffs' counsel. It is apparent from these filings that the *Lane* case is the most procedurally advanced of the cases listed in Mr. Carson's MDL pleadings, in that a motion for class certification is currently pending. It

2

is also apparent from Mr. Carson's and Mr. Madden's MDL filings that, in seeking to move the *Lane* case to Illinois, they have little regard for the situs of the first-filed case(s).

9.   The Illinois case was filed on July 7, 2012, and is not procedurally advanced. As of April 29, 2013, the Illinois Plaintiffs filed a memorandum in opposition to Wells Fargo's 12(b)(6) motion. **Exhibit 4** at pp. 210-223 (the *Simpkins* Docket Sheet).

10.   The *McKenzie* Plaintiffs made no contact with attorneys for the *Lane* Plaintiffs until they sent an email on May 22, 2013 asking the *Lane* Plaintiffs' attorneys to consent to the motion to intervene and consent to their proposed briefing schedule. The *Lane* Plaintiffs rejected the proposals. See email attached as **Exhibit 5** to this Declaration.

11.   Movants' counsel's assertion that they have "met and conferred" is incorrect. It is more accurate to say that they made a demand and a threat the day before seeking to intervene, and the *Lane* Plaintiffs rejected their demands. The language of the *McKenzie* attorneys' email is this: "[t]he plaintiffs in both *Morris* and *McKenzie* intend to file a motion to intervene tomorrow in the *Lane* case, and we write to meet and confer and determine whether your clients will consent to the motion to intervene." This email demonstrates once again the untimeliness of the *McKenzie* Plaintiffs' action seeking to intervene.

12.   Plaintiffs have vigorously prosecuted this case from the beginning. The parties have adhered to the Court's Case Management Order and have sought no delays or modifications of that Order except to amend their complaint and add a new party to the case.

13.   Plaintiffs have been tested by two motions to dismiss and the majority of Plaintiffs' claims survived those motions. (Dkt. Nos. 45, 70, 84, 90). Plaintiffs propounded written discovery, requested substantial document production from Wells Fargo and from third party insurers ASIC and QBE, have taken three depositions—in Minneapolis, Atlanta, and Washington, D.C.—and received and reviewed 336,947 pages of documents since February 8, 2013, including 297,543 pages of electronically stored information from Wells Fargo (Wells Fargo's internal emails), 34,238 pages of documents from Wells Fargo, 1,956 pages of documents from ASIC, and 3,210 pages of documents from QBE. Plaintiffs fought discovery battles, attended discovery hearings ordered by the Court,

negotiated discovery disputes under the order and direction of the Court, and succeeded in securing much of the additional information they sought. (Dkt. Nos. 60, 72). Plaintiffs took depositions of Wells Fargo's, QBE's, and ASIC's corporate representatives on February 15, 2013, May 1, 2013, and May 3, 2013, respectively. Plaintiffs also specifically requested that Wells Fargo produce all discovery materials and deposition transcripts obtained by Plaintiffs' counsel in *Sayago v. Wells Fargo Bank, N.A.* Defendants complied with this request (excluding documents relating exclusively to the named plaintiffs in *Sayago*). Plaintiffs have invested the necessary time and expended the sums necessary to develop the claims for class certification briefing.

14. There was one prior attempt to petition the Judicial Panel on Multidistrict Litigation to consolidate force-placed insurance cases in 2012. Desiree Morris, Plaintiff in the *Morris* case, filed a response to this prior MDL petition, which I received through the Judicial Panel on Multidistrict Litigation's CM/ECF system. A true and correct copy of that response (excluding exhibits) is attached hereto as **Exhibit 6**.

15. A true and correct copy of Dkt. Number 39 from *Scheetz v. JPMorgan Chase Bank, N.A.*, Case No. 12-cv-4113 (S.D.N.Y.), downloaded from the Southern District of New York's CM/ECF system on June 5, 2013, is attached hereto as **Exhibit 7**. The fourth "WHEREAS" clause on page two states "because the tentative national settlement class will encompass other pending lender placed insurance class actions involving flood insurance pending in venues around the country, the Parties still need to determine the appropriate court from which to seek approval of the settlement and release . . . ." This settlement was reached through private mediation before David Geronemus, which was not supervised by any court. I, and my co-counsel, participated in this mediation in connection with *Gordon v. Chase Home Finance, LLC* in 2012 before withdrawing from the mediation in order to litigate the *Gordon* case.

16. In preparing Plaintiffs' response to the motion to intervene, my office has reviewed the dockets for each of the cases the *Morris* and *McKenzie* attorneys cited to demonstrate the breadth and depth of their knowledge of force-placed insurance litigation. None of the cases, excluding *Hofstetter v. Chase Home Finance, LLC* and *Morris* ever had a class certification motion filed.

4

Numerous cases were stayed pending mediation, despite the fact that no class certification motion was filed or ruled upon. These included: *Walls v. JPMorgan Chase Bank, N.A.*, Case No. 3:11-cv-673 (W.D. Ky.); *Ulbrich v. GMAC Mortgage, LLC*, Case No. 0:11-cv-62424 (S.D. Fla.); *Piterniak v. JPMorgan Chase Bank, N.A.*, Case No. 1:12-cv-7619 (S.D.N.Y.)(the joint stipulation to stay case pending mediation filed 8 days after the plaintiff filed the complaint); and *Scheetz v. JPMorgan Chase Bank, N.A.*, Case No. 1:12-cv-4113 (S.D.N.Y.)(joint motion to stay case pending mediation filed before Defendants responded to the complaint). In *Ulbrich v. GMAC*, Movants' counsel reached a nationwide settlement less than one year after filing the case and prior to class certification briefing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 5th day of June, 2013.

*/s/ Steve Owings*
Steven A. Owings