IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LANE and BEVERLY LANE, individually and for all other persons similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>  Defendant. | No. C 12-04026 WHA<br><br>**ORDER RE PLAINTIFFS' MOTIONS TO SEAL** |

## INTRODUCTION

In connection with their motion for class certification, plaintiffs have filed two administrative motions to file documents under seal. To the extent stated below, the motions to seal are **GRANTED IN PART AND DENIED IN PART**.

## ANALYSIS

Pursuant to Civil Local Rule 79-5, plaintiffs filed two administrative motions to file under seal certain documents and information designated as "confidential" by defendant and third parties, as well as information plaintiffs claim is confidential or personal. Pursuant to Civil Local Rule 79-5(a),

> A sealing order may issue only upon a request that establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as "sealable."] The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c).

1  Although Civil Local Rule 79-5 governs the motions to seal in this instance, the usual
2  presumption of the public's right to access does not apply to non-dispositive motions with the
3  same strength it applies to dispositive motions. *See In re Midland Nat. Life Ins. Co. Annuity*
4  *Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). On non-dispositive motions, a party
5  seeking to file a document under seal must establish there is "good cause" for sealing the record.
6  *Id.*; *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).
7  Unless the denial of a motion for class certification would effectively end the case, "'the vast
8  majority of courts within this circuit' treat motions for class certification as non-dispositive
9  motions to which the 'good cause' sealing standard applies." *Dugan v. Lloyds TSB Bank, PLC*,
10 No. 12-cv-02549, 2013 WL 1435223 (N.D. Cal. Apr. 9, 2013) (Magistrate Judge Nandor Vadas)
11 (internal citations omitted). A party must make a "particularized showing" of good cause with
12 respect to any individual document in order to justify sealing the document. *Kamakana*, 447
13 F.3d at 1180. "Broad allegations of harm, unsubstantiated by specific examples or articulated
14 reasoning," are not sufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.
15 1992) (internal quotation marks and citation omitted).

### 1. PLAINTIFFS' REQUEST FOR SEALING.

Plaintiffs seek to seal Exhibits B, C, and D, and the attachments thereto, and WEB0000190 (attached to the Birnbaum Report as Exhibit A-1). In support of sealing, plaintiffs submitted the declaration of Attorney Sheri Kelly, which states that the attachments to the exhibits and WEB0000190 contain the individual plaintiffs' personal information — specifically, plaintiffs' mortgage loan numbers. The motion to seal the portions of these documents that identify plaintiffs' mortgage loan numbers is **GRANTED**.

### 2. CHAPMAN DEPOSITION.

Non-party QBE First Insurance Agency, Inc., submitted the declaration of Mark Chapman in support of sealing portions of Mr. Chapman's deposition transcript, dated May 1 (Exh. A-8). Mr. Chapman's declaration states that he is Vice President of Product Administration for QBE and is responsible for product development and compliance for lender-based insurance. Portions of the transcript discuss detailed information regarding QBE's internal

1  data systems, processes, and practices. QBE has sufficiently established that the disclosure of
2  this detailed, non-public information would likely place QBE at a competitive disadvantage.
3  Accordingly, the motion to seal the following portions of the Chapman deposition transcript is
4  **GRANTED**: 36:16–40:10, 42:5–43:9, and 44:22–47:9. QBE also seeks to seal information
5  regarding the actual or negotiated commissions between QBE and Wells Fargo Insurance for
6  lender-placed insurance policies and actual or negotiated fees for loan tracking services. The
7  portions identified are overly broad and include additional, related information that should not be
8  sealed. Moreover, defendant Wells Fargo Bank's publicly filed opposition to the motion to class
9  certification identifies the amount of commissions paid to Wells Fargo Insurance by both QBE
10 and American Security Insurance Company ("ASIC") (*see, e.g.*, Dkt. No. 105 at 7).
11 Accordingly, the motion to seal pages 4:12–13 and 7:16–17 of plaintiff's motion for class
12 certification (Dkt. No. 92) is **DENIED**. The actual fee or commission figures paid by entities
13 other than Wells Fargo Bank and/or Wells Fargo Insurance may be redacted, as identified at the
14 following portions of the transcript: 60:16 and 129:12-14. The specific fee and loss ratio target
15 identified at 128:5–10 and 129:7 may also be sealed.
16    To the extent stated above, the motion to seal portions of the Chapman deposition
17 transcript is **GRANTED**, and is otherwise **DENIED**.
18    **3. WILSON DEPOSITION.**
19    Non-party ASIC submitted the declaration of Ronald Wilson, Vice President of Account
20 Management at ASIC, in support of sealing the transcript of his deposition (Exh. A-11). Mr.
21 Wilson was deposed on May 3 as the corporate representative of ASIC. The declaration
22 identifies several categories of information that ASIC contends are both confidential and
23 sealable.
24    ASIC appears to assert that because the deposition testimony refers to non-public
25 documents and agreements, those portions of the transcript should be sealable. In many
26 instances, however, the information actually discussed in the transcript is too general or non-
27 specific to warrant sealing. For example, ASIC claims that portions of the transcript discussing
28 policies and procedures manuals developed by ASIC over the course of many years and at "great

3

cost" are properly sealable. The portions of the transcript identified for sealing, however, refer to those manuals in general terms, and do not reveal detailed "methodology for the day-to-day implementation" of any agreements between ASIC and defendant Wells Fargo Bank. Accordingly, the request for sealing the following portions of the transcript is **DENIED**: 70:5–73:7. Similarly, ASIC seeks to seal portions of the transcript referring to agreements between ASIC and Wells Fargo Bank, such as the Master Services Agreements, Statements of Work, and Addenda. ASIC claims that those agreements define "the scope of the parties' respective obligations, as well as the fees, costs, and expenses delineated in the Agreements" and are unique to Wells Fargo and ASIC. The fact that ASIC paid a commission, or that the terms of the agreement for paying a commission changed over time, is not sealable. And, as discussed above, the amount of the commission paid by ASIC was publicly filed in Wells Fargo Bank's opposition brief. Accordingly, the request to seal the following portions of the transcript is **DENIED**: 25:12–27:1, 63:15–67:11, 68:1–70:4. The motion to seal the transcript at 67:12–25 is **GRANTED**.

Lastly, ASIC claims that the transcript provides "detailed testimony" regarding reports and documents generated to benchmark and track performance, and that the information is confidential and proprietary. Having reviewed the portions of the transcript identified by ASIC, this order disagrees. The information is not sufficiently detailed to be likely to result in competitive harm to ASIC, and ASIC has not established with sufficient particularity that any portion constitutes information that is privileged or protectable. Accordingly, the request to seal the following portions of the transcript is **DENIED**: 73:8–75:5, 76:5–9, 77:18-78:22, and 88:18–93:17, except that the amount stated at 93:6 may be redacted and filed under seal.

**4. BIRNBAUM DECLARATION.**

In support of sealing portions of the declaration of Birny Birnbaum (Exh. A-1), defendant Wells Fargo Bank filed the declaration of Attorney Michael Steiner, counsel of record for defendant in this action. Attorney Steiner states that certain portions of the Birnbaum declaration "rely on confidential documents to explain Wells Fargo's confidential agreements and relationship with ASIC and QBE." The actual fees and amounts paid for services is sealable

4

(Birnbaum Declaration at p. 4, Section 2(8)(b)). Portions of the Birnbaum Declaration include lengthy excerpts from various agreements between Wells Fargo Bank and ASIC or QBE, for which Wells Fargo Bank has shown good cause for sealing, as identified in Exhibit A of Docket Number 99: p.18, Section 6.1, p. 21–22, Section 6.5, p. 23–26 Section 6.6, p. 35, Section 9. Wells Fargo Bank has also established good cause for sealing each of the identified documents attached to the Birnbaum Declaration. Accordingly, the request to seal those attachments is **GRANTED**.

### 5. ADDITIONAL EXHIBITS.

Exhibits 12–16 are copies of confidential agreements between Wells Fargo Bank and various non-parties, including other Wells Fargo entities, QBE, and ASIC. As Wells Fargo Bank as established good cause for sealing these exhibits, the request to seal Exhibits 12-16 is **GRANTED**.

Wells Fargo Bank also seeks to seal its responses to interrogatories 9 and 10, as reflected in Exhibit 17. The responses provide detailed information regarding Wells Fargo Bank's business arrangements with QBE and ASIC. Wells Fargo Bank states that the parties' relationships are governed by confidential agreements and that QBE and ASIC "compete with each other and others for Wells Fargo's business and that of other banks . . . ." Good cause having been shown, the request to seal the portions of Exhibit 17 identified in Docket Number 99 is **GRANTED**.

### 6. OWINGS DECLARATION.

Lastly, non-party Wells Fargo Insurance, Inc., filed the declaration of David Franske in support of sealing Exhibit E to the Owings Declaration, filed in support of plaintiffs' reply in support of class certification. Mr. Franske states that the exhibit "provides an overview and explanation of Wells Fargo's Soft Dollar Program, as well as 2007 and 2008 full year Soft Dollar Summaries" (Franks Decl. ¶ 4). The information includes detailed financial information, the disclosure of which Mr. Franske asserts could place Wells Fargo Bank and Wells Fargo Insurance at a competitive disadvantage (*ibid.*). Having reviewed the exhibit, this order agrees that good cause for sealing Exhibit E in its entirety has been shown.

5

**CONCLUSION**

For the foregoing reasons, plaintiffs' administrative motions to seal documents filed in connection with plaintiffs' motion for class certification are **GRANTED IN PART AND DENIED IN PART**. Plaintiffs shall re-file the relevant documents, consistent with this order and Local Rule 79-5(e).

In addition, whether there is "good cause" to file one of these documents under seal at this juncture does not establish that the same documents will be sealable in connection with any future dispositive motions to which the presumption of public access will apply with greater force.

**IT IS SO ORDERED.**

Dated: June 11, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE