Matthew C. Helland, SBN 250451
(helland@nka.com)
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Kai Richter, MN Bar No. 0296545
(krichter@nka.com)
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

Shanon J. Carson, PA Bar No. 85957
(scarson@bm.net)
Patrick F. Madden, PA Bar No. 309991
(pmadden@bm.net)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000

*Counsel for Intervenors Desiree Morris, Clifford McKenzie, Daniel Biddix, David Kibiloski and Virginia Ryan*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LANE, BEVERLY LANE, and MERCEDES GUERRERO, individually, and for other persons similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | CASE NO. 12-CV-4026 WHA<br><br>**SECOND DECLARATION OF KAI RICHTER IN SUPPORT OF MOTION TO INTERVENE**<br><br>Date:     June 20, 2013<br>Time:    8:00 a.m. PST<br>Crtrm:   8, 19th Floor<br>Judge:   Hon. William Alsup |

1. I am a Partner at Nichols Kaster, PLLP ("Nichols Kaster"), and am one of the counsels of record for Plaintiff Desiree Morris in *Morris v. Wells Fargo Bank, N.A.*, No. 2:11-cv-00474 (W.D. Pa.) (the "*Morris* Action") and Plaintiffs Clifford McKenzie, Daniel Biddix, David Kibiloski, and Virginia Ryan in *McKenzie v. Wells Fargo Bank, N.A.*, No. 3:11-cv-04965 (N.D. Cal.) (the "*McKenzie* Action") (collectively, "Movants"). I submit this Second Declaration in support of Movants' Motion to Intervene in the *Lane* Action.

2. Attached hereto as Exhibits 1 through 4 are true and correct copies of the following documents:

    a. Email correspondence between Defendants' counsel in *McKenzie* and myself, dated June 7, 2013 (Exhibit 1);

    b. Transcript of Proceedings held on May 13, 2009 in *Gutierrez v. Wells Fargo Bank, N.A.*, No. 3:07-cv-05923 (N.D. Cal.) (Exhibit 2);

    c. Unopposed Motion to limit class definition, dated November 9, 2012, in *Sayago v. Wells Fargo Bank, N.A.*, No. 8:11-cv-2009 (M.D. Fla.) (Exhibit 3); and

    d. A chart comparing certain cases filed by Movants' counsel and counsel for the *Lane* Plaintiffs (Exhibit 4).

3. As noted in my earlier Declaration dated May 23, 2013, Nichols Kaster has extensive experience litigating force-placed insurance cases. I believe it is fair to say that our work in this area has been groundbreaking.

4. This Court is well-aware of our work in connection with *Hofstetter v. Chase Home Finance*, LLC, 3:10-cv-01313 (N.D. Cal). To the best of my knowledge, *Hofstetter* was the first-filed class action lawsuit in the country against Chase relating to its force-placed flood insurance practices.

5. In addition, Nichols Kaster serves as counsel of record in the first-filed pending class actions in the country against Wells Fargo, Bank of America, Citibank, U.S. Bank, and RBS Citizens (a/k/a Citizens Bank) relating to their force-placed flood insurance practices. Those putative class actions are as follows:

-1-
**SECOND DECLARATION OF KAI RICHTER IN SUPPORT OF MOTION TO INTERVENE**

  a. *Morris v. Wells Fargo Bank, N.A.*, 2:11-cv-00474 (W.D. Pa), motion to dismiss partially denied, 2012 WL 3929805 (Sept. 7, 2012);

  b. *Berger v. Bank of America, N.A.*, 1:10-cv-11583 (D. Mass), summary judgment denied, 2013 WL 1164497 (Mar. 21, 2013);

  c. *Casey v. Citibank, N.A.*, 5:12-cv-00820 (N.D.N.Y.), motion to dismiss denied, 2013 WL 11901 (Jan. 2, 2013), and motion to certify appeal denied, 2013 WL 1501008 (Apr. 10, 2013);

  d. *Ellsworth v. U.S. Bank, N.A.*, No. 3:12-cv-02506 (N.D. Cal.), motion to dismiss denied, 2012 WL 6176905 (Dec. 11, 2012); and

  e. *Cook v. RBS Citizens, N.A.*, No. 1:11-cv-00268 (D.R.I.), motion to dismiss abandoned, Dkt. No. 29 (Mar. 2, 2012).

6. Nichols Kaster has done more than simply survive motions to dismiss and motions for summary judgment. It has filed contested class certification motions in *Hofstetter*, Dkt. No. 131 (filed Feb. 17, 2011) (granted by this Court); *Morris*, Dkt. No. 103 (filed Sept. 19, 2012) (denied without prejudice pending a status conference); *McKenzie*, Dkt. No. 139 (filed May 31, 2013) (pending); *Arnett v. Bank of America, N.A.*, 3:11-cv-01372 (D. Or.), Dkt. No. 148 (filed Mar. 27, 2013) (pending); and *Skansgaard v. Bank of America*, N.A., 2:11-cv-00988 (W.D. Wash.), Dkt. No. 113 (filed Apr. 30, 2013) (pending).

7. In addition, Nichols Kaster has successfully resolved the following force-placed insurance cases on a class-wide basis: *Hofstetter*, Dkt. No. 262 (final approval granted by this Court on Nov. 14, 2011); *Ulbrich v. GMAC Mortgage,* No. 0:11-cv-32424 (S.D. Fla.), Dkt. No. 105 (final approval granted May 10, 2013); and *Farmer v. Bank of America*, N.A., 5:11-cv-00935 (W.D. Tex.), Dkt. No. 92 (preliminary approval granted May 23, 2013). Moreover, our co-counsel in *Morris* and *McKenzie*, Berger & Montague, P.C., recently resolved a force-placed flood insurance case on a class-wide basis, which is subject to court approval. *See Scheetz v. JPMorgan Chase Bank, N.A.*, No. 12-cv-4113 (S.D.N.Y.), Dkt. No. 39 (Mar. 5, 2013) ("the

pending settlement seeks to resolve all claims on a nation-wide basis with respect to all class members alleged to be similarly situated in certain lender placed flood insurance cases").

8. After the *Morris* court issued its order tabling the class certification motion in *Morris* pending a status conference, I reached out to Wells Fargo's counsel in the *Morris* action on several occasions in order to provide mutually-agreeable dates to the Court for a status conference. These efforts at scheduling a status conference were repeatedly put off by Wells Fargo's counsel in *Morris*. Eventually, both sides spoke with the Court's clerk on November 8, 2012. During this phone call, I indicated that Plaintiff Morris wanted to go forward with the status conference and was prepared to do so on several dates. However, Wells Fargo's counsel indicated that Wells Fargo did not want to participate in a status conference at that time, and intended to file two motions for judgment on the pleadings, as well as a motion for permission to file an interlocutory appeal from the Court's September 7, 2012 order denying (in part) defendants' motions to dismiss. Following this phone call, the *Morris* court elected not schedule a status conference pending resolution of those motions, which were filed on December 4, 2012 and have been fully briefed.

9. Plaintiff Morris has responded to written discovery requests from Wells Fargo and has had her deposition taken by Wells Fargo. Likewise, the plaintiffs that moved for class certification in *McKenzie* also have produced documents in response to Wells Fargo's discovery requests in *McKenzie*, and either had their deposition taken or will have their deposition taken by June 21, 2012.[1]

---

[1] Plaintiff Biddix was deposed on May 29, 2012. Plaintiff McKenzie is scheduled to be deposed on June 21, 2013. *Id.* Plaintiffs Ryan and Kibiloski have not moved for class certification in *McKenzie, see McKenzie*, Dkt. No. 139, and therefore do not seek to intervene in *Lane* for purposes of serving as class representatives.

-3-

**SECOND DECLARATION OF KAI RICHTER IN SUPPORT OF MOTION TO INTERVENE**

-4-

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

Dated: June 13, 2013

**NICHOLS KASTER, PLLP**

By: _____
Kai Richter

*Counsel for Intervenors Desiree Morris, Clifford McKenzie, Daniel Biddix, David Kibiloski and Virginia Ryan*

-4-

**SECOND DECLARATION OF KAI RICHTER IN SUPPORT OF MOTION TO INTERVENE**