Sheri L. Kelly, SBN 226993
E-mail: slk@sherikellylaw.com
LAW OFFICE OF SHERI L. KELLY
31 E. Julian St.
San Jose, CA 95112
Telephone: 408/287-7712
Facsimile: 408/583-4249

Attorney for Plaintiffs
Additional Counsel Listed on Signature Page

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DANNY LANE, BEVERLY LANE, and MERCEDES GUERRERO, individually, and for other persons similarly situated,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>WELLS FARGO BANK, N.A.<br><br>　　　　　　Defendant. | Case No. CV-12-4026 WHA<br><br>PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF CLASS CERTIFICATION<br><br>Date: June 20, 2013<br>Time: 8:00 A.M.<br>Crtrm: 8<br>Judge: Hon. William H. Alsup<br><br>Action Filed: July 31, 2012<br>Trial Date: April 21, 2014 |

The chart attached to Kai Richter's Second Declaration as Exhibit 4 (the "chart") is misleading and inaccurate. The chart includes only the information that Mr. Richter chose to provide to falsely paint Plaintiffs' Counsel as "copycats" so that he and his co-counsel could undertake a hostile takeover of this case. His chart misrepresents the true nature of pending force-placed flood insurance litigation across the country, specifically in connection with cases filed by Plaintiffs and Proposed Intervenors' counsel.[1] This supplemental brief corrects these misrepresentations.

I.   The Information Included in the Chart Does Not Tell the Whole Story

   A.   *Chase Force-Placed Insurance Litigation*

The chart first lists Mr. Richter's *Hofstetter* case against JPMorgan Chase Bank, N.A. ("Chase") *Hofstetter v. Chase Home Finance, LLC*, Case No. 3:10-cv-01313 (N.D Cal.) and other hand-selected Chase cases filed by Plaintiffs' Counsel. But the chart fails to identify the later-filed Chase cases filed by BM/NK that tell the real story of their collusive and improper practices—which began with filing cases against Chase *on top of* cases that Plaintiffs' counsel had been litigating nearly a year.

About a year after Plaintiffs' counsel filed their *Gordon* and *Gibson* cases on behalf of Chase mortgage borrowers, BM/NK filed their *first* Chase cases arising out of standard mortgages, *Scheetz v. JPMortan Chase Bank*, Case No. 1:12-cv-04113 (S.D.N.Y.)(flood), filed May 23, 2012; and *Leger v. JPMorgan Chase Bank*, Case No. 3:12-cv-03632 (N.D. Cal.)(hazard), filed July 11, 2012. After filing these cases, BM/NK immediately stayed the cases to pursue private mediation in New York City. In one of the cases stayed by BM/NK, they advised the Court that they had begun private mediation with Chase *before the case was even filed*. Given this history, it is difficult to understand how these attorneys can come before this Court claiming an entitlement to take charge of this case—which Plaintiffs' Counsel has successfully and aggressively litigated for many months.

---

[1] Plaintiffs' counsel, Wagoner Law Firm, Owings Law Firm, and Walker Law Firm, are hereinafter referred to as "Plaintiffs' Counsel." Intervenors' counsel, Berger & Montague and Nichols Kaster, are hereinafter referred to as "BM" and "NK" respectively.

1. *Hofstetter v. Chase Home Finance is Not a First-Filed Case*

The chart improperly indicates that *Hofstetter v. Chase Home Finance, LLC*, Case No. 3:10-cv-01313 (N.D Cal.), is a "first-filed" case. Although Plaintiffs' Counsel's cases *Gibson v. Chase Home Finance, LLC*, Case No. 8:11-cv-1302 (M.D. Fla.), *Gordon v. Chase Home Finance, LLC*, Case No. 8:11-cv-2001 (M.D. Fla.), and *Herrick v. JPMorgan Chase Bank, N.A.*, Case No. 1:13-cv-21107 (S.D. Fla.) were filed later than *Hofstetter*, the claims and the class certified in *Hoffstetter* did not overlap in any manner with the later cases. *Hofstetter* addressed excess insurance claims in connection with home equity lines of credit ("HELOCs").[2] In fact, the Court certified a class based on the excess insurance claims, not kickback claims like those alleged here. *See Hofstetter*, Dkt. No. 178, Order Partially Granting Motion for Class Certification. *Gibson*, *Gordon*, and *Herrick* all address force-placed insurance claims in connection with traditional mortgages, not HELOCs. If these cases did overlap with the *Hofstetter* case – as implied by Mr. Richter's chart – they would have been dismissed as a result of the national class settlement in *Hofstetter*. *Gibson* and *Gordon*, which were filed on June 1, 2011 and September 1, 2011, respectively, were actually the first cases filed in the United States concerning Chase's force-placed flood insurance practices in connection with traditional mortgages.

*Herrick* does not overlap with *Hofstetter* in any respect because *Herrick* alleges claims arising out of Chase's force-placed hazard and wind insurance practices. *Herrick* does not even allege flood insurance claims. Thus, it should not even be included in the chart. The only similarity between Plaintiffs' Counsel's cases and *Hofstetter* is that they all assert claims in connection with force-placed insurance practices.

---

[2] The *Hofstetter* plaintiffs discovered Chase's kickback scheme during discovery and included general allegations regarding kickbacks in their Second Amended Complaint, Dkt. No. 112, Nov. 1, 2010. The Court approved injunctive and declaratory relief in connection with the kickback claims on behalf of the California sub-class only.

### 2. *The Intervenors Misstate Plaintiffs' Counsel's Initial Involvement in Force-Placed Insurance Litigation*

Plaintiffs' Counsel became involved in the force-placed insurance litigation after Plaintiffs' counsel, Steve Owings, was approached in early 2011 by a neighbor who had been subjected to Chase's excess flood insurance requirements in connection with his seventh floor condominium unit. Mr. Owings had litigated numerous class actions prior to this time, and had recently successfully litigated and resolved a national consumer class action against Capital One Bank for certain credit card practices. After researching and investigating potential claims, Mr. Owings and Plaintiffs' other counsel discovered that Chase was earning commissions on force-placed insurance. Plaintiffs' counsel learned of the *Hofstetter* case through this research. Plaintiffs' Counsel then attempted to work with Mr. Richter and his firm, but Mr. Richter refused.

### 3. *Berger & Montague and Nichols Kaster Filed Force-Placed Flood and Hazard Cases Against Chase and Immediately Moved to Stay These Cases to Pursue Private Mediation in New York City.*

As noted above, long after the *Gibson* and *Gordon* cases were filed, and while *Gordon* was still pending,[3] BM/NK and associated counsel filed their own "copycat" cases, *Scheetz*, Case No. 1:12-cv-04113 (S.D.N.Y.), and *Leger*, Case No. 3:12-cv-03632 (N.D. Cal.), and almost immediately initiated private mediation with Chase. In *Leger*, BM/NK filed a Joint Stipulation to Stay just thirty-six (36) days after filing the Complaint—before any defendant had answered—stating that the parties had begun private mediation in New York. *Leger*, Dkt. No. 22 (Aug. 17, 2012). This mediation began *five days before the case was even filed*. Plaintiffs' Counsel also stayed *Gordon* for six (6) months to participate in the mediation (after fully briefing the class certification motion), but withdrew from the mediation in the fall of 2012 because Plaintiffs' Counsel believed the mediation was collusive and not in the best interests of the class.

---

[3] *Gibson* was voluntarily dismissed on June 25, 2012 after the court held that Mr. Gibson lacked standing to pursue damages because, although Chase had charged him for force-placed insurance, they ultimately refunded 100% of the force-placed insurance charges. The Court did not dismiss Mr. Gibson's claims for injunctive or declaratory relief.

After nearly a year in unsuccessful private mediation, BM/NK consolidated their later-filed *Leger* with *McNeary-Calloway v. JPMorgan Chase Bank, N.A.*, Case No. 3:11-cv-03058-JCS (N.D. Cal.)(Dkt. No. 71), a Chase hazard insurance case pending before Judge Spero in this District. Although *Leger* was filed on July 11, 2012, the Defendant's initial motions to dismiss were filed just a week ago—on June 10 and 11, 2013. *Id.* Dkt. Nos. 123, 124, 127, 128.

The *Scheetz* case followed the same pattern—just forty-three (43) days after filing the Complaint, the Southern District of New York entered an order staying the litigation for mediation—again before any defendant had answered. *Scheetz*, Dkt. No. 7 (July 6, 2012)(staying case until September 14, 2012). On September 27, 2012, the Court entered another order staying the case until December 21, 2012. *Id.*, Dkt. No. 10. On December 10, 2012, the Court extended the stay through January 30, 2013. *Id.*, Dkt. No. 14. On January 30, 2013, Chase filed a Motion to Dismiss, but on February 13, 2013, the parties stipulated to extend the time for briefing on the Motion to Dismiss through March 20, 2013. *Id.*, Dkt. No. 31. On February 12, 2013, after the case had been stayed for nearly a year, the trial judge entered an Order stating that this "adjustment to the briefing schedule is FINAL."

BM/NK's chart is incomplete and therefore misleading about the exact nature of their involvement in litigation against Chase. The chart intentionally misleads the Court about their involvement as opposed to Plaintiffs' Counsel's cases filed against Chase. The chart does not even *mention* the *Leger* or *Scheetz* cases or any of the history set forth above. Mr. Richter did a good job in the *Hofstetter* case but this does not entitle him to intervene in all subsequent litigation asserting similar—but significantly different—claims against different defendants.

B. ***Wells Fargo Cases***

BM/NK lists *Morris v. Wells Fargo Bank, N.A.*, Case No. 2:11-cv-474 (W.D. Pa.) and *McKenzie v. Wells Fargo Bank, N.A.*, Case No. 3:12-cv-04965 (N.D. Cal.) as "first-filed" compared to Plaintiffs' Counsel's cases *Sayago v. Wells Fargo Bank, N.A.*, Case No. 8:11-cv-2009 (M.D. Fla.), *Cannon v. Wells Fargo Bank, N.A.*, Case No. 3:12-cv-1376 (N.D. Cal.)(J. Chen), this case, *Lane v. Wells Fargo Bank, N.A.*, Case No. 3:12-cv-04026 (N.D. Cal.(J. Alsup),

and *Fladell v. Wells Fargo Bank, N.A.*, Case No. 1:13-cv-21108 (S.D. Fla.)(J. Moreno). As Plaintiffs have previously argued in response to the Motion to Intervene, this case has more differences than similarities with *Morris* and *McKenzie*. Specifically, *Lane* alleges claims related to force-placed flood *and* hazard insurance, whereas *Morris* and *McKenzie* assert claims related only to force-placed flood insurance. Additionally, *Lane*, *Cannon*, and *Fladell* allege a federal Bank Holding Company Act claim and seek a national class based on Wells Fargo's kickback schemes, whereas *Morris* and *McKenzie* do not allege any federal claim in connection with kickbacks.[4]

The *Lane*, *Cannon*, *Sayago*, and *Fladell* plaintiffs are residents of different states than BM/NK Wells Fargo plaintiffs. BM/NK represent plaintiffs from Pennsylvania and New Mexico. Plaintiffs in *Lane*, *Cannon*, *Sayago,* and *Fladell* are residents of California, Florida, Arkansas, and Louisiana. Thus, Plaintiffs' Counsel has asserted state-law claims based on different laws than BM/NK and Plaintiffs' Counsel seeks to represent state classes and/or sub-classes for these states. BM/NK do not have plaintiffs with standing to raise these claims or represent these sub-classes.

Finally, *Lane* and *Fladell* assert claims related to both force-placed flood and hazard insurance. Hazard insurance represents as much as 90% of all force-placed insurance in the country. BM/NK overlook this important factor in their chart and improperly characterize Plaintiffs' Counsel's cases asserting claims for both types of insurance as "later-filed."

### C. Bank of America Cases

Like with Wells Fargo, NK/BM improperly claim that their cases, *Berger v. Bank of America*, Case No. 1:10-cv-11583 (D. Mass.), *Lass v. Bank of America, N.A.*, Case No. 1:11-cv-10570 (D. Mass.), *Arnett v. Bank of America, N.A.*, Case No. 3:11-cv-01372 (D. Or.), and *Skansgaard v. Bank of America, N.A.*, Case No. 2:11-cv-00988 (W.D. Wash.), are "first-filed" cases similar to the Plaintiffs' Counsel's case *Hall v. Bank of America, N.A.*, Case No. 1:12-cv-22700 (S.D. Fla.)(J. Moreno). This claim is misleading for the same reasons as BM/NK's

---

[4] *Morris* alleges a federal claim under TILA, but TILA addresses excess insurance, not kickbacks.

Case3:12-cv-04026-WHA Document154 Filed06/19/13 Page7 of 11

assertions regarding Chase and Wells Fargo. First, *Hall* focuses on kickbacks in connection with force-placed flood insurance, and asserts federal claims for violation of the BHCA and RICO in connection with Bank of America's kickback scheme. The BM/NK cases center on excess insurance claims and do not allege any federal claims in connection with kickback claims. Additionally, Plaintiffs' Counsel represent plaintiffs from Florida, New York, Arkansas, and Louisiana in *Hall* and seek to represent state sub-classes for each of these states. BM/NK plaintiffs are from different states and thus do not have standing to raise the state-specific claims asserted in *Hall* or to represent the state sub-classes sought by *Hall* plaintiffs. Finally, *Hall* plaintiffs assert claims for both flood and hazard insurance kickbacks whereas BM/NK only assert flood insurance claims.

### D. *Citibank Cases*

BM/NK represent New York plaintiffs in *Casey v. Citibank, N.A.*, and assert excess insurance and kickback claims on their behalf. While *Casey* is more similar to the Plaintiffs' Counsel's Citibank case, *Popkin v. Citibank, N.A.*, Case No. 0:13-cv-60722 (S.D. Fla.)(J. Moreno), significant differences still exist. Again, Plaintiffs' Counsel's *Popkin* case alleges federal claims under the BHCA and RICO for Citibank's improper kickback schemes, and the only federal claim asserted in *Casey* is TILA, which addresses excess insurance claims only. *Popkin* includes plaintiffs from Florida and Louisiana, whereas *Casey* includes only New York and Maryland plaintiffs. Finally, *Popkin* asserts flood and hazard insurance claims whereas *Casey* only asserts flood insurance claims.

### II. The Chart Misstates Case Information Related to Plaintiffs' Southern District of Florida Cases

Plaintiffs' Counsel currently has cases pending in the Southern District of Florida against Chase, Bank of America, Wells Fargo, Citibank, and HSBC.[5] The proposed Intervenors' chart misstates the filing dates, current status, and history of these cases. Plaintiffs originally filed *Hall*

---

[5] *Hall v. Bank of America, N.A.*, Case No. 1:12-cv-22700; *Herrick v. JPMorgan Chase Bank, N.A.*, Case No. 1:13-cv-21107; *Fladell v. Wells Fargo Bank, N.A.*, Case No. 0:13-cv-60721; *Popkin v. Citibank, N.A.*, Case No. 0:13-cv-60722; and *Lopez v. HSBC*, Case No. 1:13-cv-21104.

12-cv-4026-WHA
PLAINTIFFS' SECOND SUPPLEMENTAL
BRIEF IN SUPPORT OF CLASS
CERTIFICATION

*v. Bank of America, N.A.*, Case No. 1:12-cv-22700, on July 24, 2012, in the Southern District of Florida. On September 28, 2012, the Judicial Panel for Multidistrict Litigation denied a Motion to Transfer all force-placed insurance cases to one court, but recommended that counsel voluntarily coordinate cases for easier, more streamlined case management. Plaintiffs' Counsel and several other plaintiffs' firms with similar cases agreed to voluntarily consolidate their cases in the Southern District of Florida and filed an Amended Complaint in *Hall* on November 12, 2012. This Amended Complaint included the *Herrick*, *Fladell*, *Popkin, Hall* and *Lopez* cases. On March 14, 2013, Judge Moreno entered an order instructing that plaintiffs refile these cases by bank but stated that he would utilize his powers as Chief Judge to have all five cases assigned to himself for consolidated litigation. *Hall*, Dkt. No. 177. On March 28, 2013, plaintiffs in *Fladell*, *Herrick*, *Popkin*, and *Lopez* filed new cases. Since that date, Judge Moreno has treated all five cases as related and has held consolidated hearings for all cases.

BM/NK improperly list the filing date for *Fladell*, *Herrick*, and *Popkin* at March 28, 2013. The actual filing date of these cases is November 12, 2012, when these cases were added to *Hall*. The refiling of separate complaints was a result of Judge Moreno's order directing the refiling. Finally, although it is technically accurate that motions to dismiss remain pending in these cases, at an omnibus hearing on May 16, 2013, Judge Moreno indicated on the record that he intends to enter orders denying (at least in part) the mortgage servicers' motions to dismiss.

### III. The Chart Leaves Out Intervenors' Counsel's Later-Filed Cases

The Intervenors' chart also mischaracterizes the status of force-placed insurance litigation by selectively omitting its later-filed "me-too" cases. Numerous force-placed insurance cases have been filed over the last few years, including several cases filed this year.[6] Specifically, as noted above, BM/NK filed at least two (2) cases against Chase last summer and then immediately stayed the cases and entered into mediation. *See Scheetz v. JPMorgan Chase Bank,*

---

[6] BM/NK seek to prejudice the Court with pejorative claims of "copycat" litigation by Plaintiffs' Counsel. In Mr. Richter's initial Declaration in Support of Motion to Intervene, Mr. Richter noted that the trial judge in the *Gordon* case referred to *Gordon* as a "copycat case." What he does not tell the Court is that the *Gordon* judge was noting that *Gordon* was patterned after *Gibson*, which was also filed by Plaintiffs' Counsel—not any case filed by BM/NK. *Gordon v. Chase Home Fin.*, Case No. 8:11-cv-2001 (M.D. Fla.) Dkt. No. 101 (June 22, 2012).

*N.A.*, Case No. 1:12-cv-04113 (S.D.N.Y.); *Leger v. JPMorgan Chase Bank, N.A.*, Case No. 3:12-cv-03632 (N.D. Cal.) Then, this year, BM/NK filed two more cases against Wells Fargo in this district and immediately consolidated them with their *McKenzie* case. *See Leghorn v. Wells Fargo Bank, N.A.*, Case No. 3:13-cv-708 (N.D. Cal.), filed February 19, 2013; *Corbin v. Wells Fargo Bank, N.A.*, Case No. 3:13-cv-1353 (N.D. Cal.), filed March 26, 2013. The *Leghorn* case, in particular, overlaps with the claims and causes of action asserted in *Lane* and *Cannon*.

The intentional omission of the *Leghorn* and *Corbin* cases raises serious questions about the veracity and purpose of the chart.

### IV. The Chart Improperly Groups Nichols Kaster and Berger & Montague Although the Firms Only Recently Associated

The chart attached to Mr. Richter's Second Declaration misrepresents that Nichols Kaster and Berger & Montague have been associated counsel on numerous cases since the original filing date. This is not the case. Specifically, the chart lists eight (8) BM/NK cases, including *Hofstetter*, and indicates that BM and NK are co-counsel in six (6) of these cases. While this is true as of today, this was not always the case. As stated in previous briefing, Berger & Montague and Nichols Kaster only recently associated as counsel on some cases. In fact, in the Wells Fargo cases, Berger & Montague and Nichols Kaster have only been associated for the last few months—NK joined in *McKenzie* in April 2013; BM joined in *Morris* in March 2013.[7] This association in the Wells Fargo cases occurred around the same time the *McKenzie* plaintiffs imported all *Morris* discovery into their case after failing to conduct any of their own discovery. BM joined in at least two other NK Wells Fargo cases in March 2013 as well, *Leghorn v. Wells Fargo Bank, N.A.*, Case No. 3:13-cv-708; and *Passantino-Miller v. Wells Fargo Bank, N.A.*, Case No. 2:12-cv-00420 (E.D. Cal.)(dismissed pursuant to stipulation June 4, 2013). BM and NK counsel associated in each other's Bank of America cases in August 2012. *See Skansgaard v. Bank of America, N.A.*, Case No. 2:11-cv-00988 (W.D. Wash.)(NK filed June 13, 2011; BM joined Aug. 2012); *Arnett v. Bank of America, N.A.*, Case No. 3:11-cv-01372 (D. Or.)(BM filed

---

[7] Neither BM nor NK were original counsel of record in *McKenzie*. Although *McKenzie* was originally filed on October 7, 2011, BM did not become counsel of record until May 2012.

Nov. 14, 2011; NK joined Aug. 2012); *Wallace v. Bank of America, N.A.*, Case No. 3:12-cv-00935 (D. Or.)(NK filed May 24, 2012; BM joined Aug. 2012).

V.   **Proposed Intervenors' Chart Misrepresents Specific Case Information**

In addition to the omissions and misstatements detailed above, BM/NK mischaracterize certain of Plaintiffs' Counsel's cases in their chart in a manner so as to further prejudice the Court against Plaintiffs' counsel. In *Gordon v. Chase Home Finance, LLC*, Case No. 8:11-cv-2001 (M.D. Fla.), plaintiffs survived two (2) motions to dismiss and prevailed on claims for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, unconscionability, and the BHCA. *See* 2012 WL 750608 (Mar. 7, 2012); 2013 WL 256743 (Jan. 23, 2013). The chart omits these successes. Additionally, the chart states that, in *Morris v. Wells Fargo Bank, N.A.*, Case No. 2:11-cv-474 (W.D. Pa.), a class certification motion was filed on September 19, 2012. Although this is technically true, the Court *sua sponte* dismissed this motion two days later, on September 21, 2012, and the motion was stricken from the record. This motion has not been refiled and is not currently pending.[8]

VI.   **Conclusion**

The Court should not take the chart attached as Exhibit 4 to Kai Richter's Second Declaration at face value. The chart is intended to prejudice Plaintiffs' counsel through misrepresentations, omissions, and misstatements. For the reasons stated above, the Court should not accept BM/NK's arguments regarding first-filed status in any of the cases listed on the chart.

Dated: June 19, 2013                        Respectfully submitted,

/s/ Sheri Kelly
Sheri L. Kelly, SBN 226993
LAW OFFICE OF SHERI L. KELLY
31 E. Julian St.
San Jose, CA  95112
Telephone:  408/287-7712
Facsimile:  408/583-4249
slk@sherikellylaw.com

---

[8] Inaccuracies in the chart regarding *Gibson* and Plaintiffs' Counsel's Southern District of Florida cases, *Hall*, *Fladell*, *Herrick*, *Popkin*, and *Lopez* are discussed above and are not repeated in this section.

9

Steven A. Owings (*Pro Hac Vice*)
Alexander P. Owings (*Pro Hac Vice*)
OWINGS LAW FIRM
1400 Brookwood Drive
Little Rock, AR 72202
Telephone: (501) 661-9999
Facsimile: (501) 661-8393
sowings@owingslawfirm.com
apowings@owingslawfirm.com

Jack Wagoner, (*Pro Hac Vice*)
Angela Mann (*Pro Hac Vice*)
WAGONER LAW FIRM, P.A.
1320 Brookwood, Suite E
Little Rock, AR 72202
Telephone: (501) 663-5225
Facsimile: (501) 660-4030
jack@wagonerlawfirm.com
angela@wagonerlawfirm.com

Brent Walker (*Pro Hac Vice*)
WALKER LAW PLLC
P.O. Box 287
Cabot, AR 72023
(501) 605-8595
(888) 571-0319 (facsimile)
bwalker@walkerlawplc.com

**Counsel for Plaintiffs**