IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES GUERRERO, individually, and for other persons similarly situated, DANNY LANE and BEVERLY LANE,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK N.A.,<br><br>    Defendant.<br>_____ / | No. C 12-04026 WHA<br><br>**ORDER APPOINTING CLASS COUNSEL, CERTIFYING CLASS, AND SETTING BRIEFING SCHEDULE** |

By order dated June 21, 2013, a California class was conditionally certified herein, with plaintiff Mercedes Guerrero as class representative (Dkt. No. 157). Certification of the class was conditioned on the Court receiving and evaluating applications from qualified counsel to represent the class. In response to the notice requesting applications, published on the Court's website, nine proposals were received. The Court thanks all applicants.

Having considered all proposals, including the requested supplemental submissions, this order **HEREBY APPOINTS** Hagens Berman Sobol Shapiro LLP (Steve Berman, Sean Matt, Thomas Loeser, and Jeff Friedman) as class counsel for the California class and as counsel for plaintiff Guerrero in her individual capacity. If Guerrero wishes, the Owings Law Firm, Wagoner Law Firm, P.A., Walker Law PLC, and the Law Office of Sheri L. Kelly may also be co-counsel for her in her individual capacity, but not in her capacity as class representative. With respect to potential conflicts, the Court takes counsel at their word that there are no

conflicts. The Court is mindful of Hagens Bermans' role in the New Jersey action. In the event that any conflict arises, the Court expects Hagens Berman to raise the issue with the Court. Accordingly, the class defined in the Court's June 21 order is **HEREBY CERTIFIED UNDER RULE 23**. Mercedes Guerrero is **APPOINTED** as class representative of the class.

Before notice is sent to the class — which in this case will need to be by first-class mail — counsel for both sides shall consult the files of Wells Fargo to compile a list of all class members and their addresses. By **NOON ON SEPTEMBER 9, 2013**, counsel shall file the list under seal. At the same time, counsel shall submit an agreed-on proposed form of class notice and plan of dissemination.

The next step in this action is to set a briefing schedule to address the claim under the Bank Company Holding Act. As stated in the June 21 order, the motion for class certification as to this claim has been held in abeyance pending briefing on whether the amended complaint states a claim upon which relief can be granted. Judge Edward Chen has addressed this issue in a similar force-placed insurance case (*Cannon v. Wells Fargo Bank, N.A.*, No. 12-1376 (N.D. Cal. 2012)). Both parties should file briefs addressing both Judge Chen and the undersigned's earlier orders on whether the Bank Company Holding Act claim should be dismissed under Rule 12(b)(6). Defendant's brief is due by **SEPTEMBER 2 AT 5:00 P.M.** Plaintiff's response is due by **SEPTEMBER 16 AT 5:00 P.M.** The briefs should not exceed 15 pages. The parties may each submit a five-page reply brief, due by **SEPTEMBER 23 AT 5:00 P.M.** A hearing is hereby set for **OCTOBER 10 AT 8:00 A.M.**

**IT IS SO ORDERED.**

Dated: August 16, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2