IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANNY LANE, BEVERLY LANE, and
MERCEDES GUERRERO, individually,
and for other persons similarly situated,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 12-04026 WHA

**ORDER DISMISSING TIE-IN CLAIM**

## INTRODUCTION

In this putative class action involving force-placed insurance on home mortgages, the bank moves to dismiss a claim asserted under the anti-tying provision of the Bank Holding Company Act. For the reasons stated below, the bank's motion is **GRANTED**.

## STATEMENT

This action challenges the practice of defendant Wells Fargo Bank, N.A. of purchasing flood and hazard insurance for residential properties securing mortgage loans, a practice known as "force-placement" or "lender-placement" of insurance. This action is one of many lawsuits filed in recent years challenging this practice (*see, e.g.*, Dkt. No. 112).

Plaintiff Mercedes Guerrero is a resident of California. She obtained a mortgage loan from Washington Mutual Bank, F.A. based on a Federal Housing Administration form mortgage. Wells Fargo began servicing Guerrero's mortgage in 2010. Although the complaint does not

1  allege that Wells Fargo is the owner or assignee of Guerrero's mortgage, plaintiff has filed
2  supplemental evidence establishing that her mortgage was assigned to Wells Fargo on December
3  7, 2006 (Dkt. No. 152-2).[*]

4      The home was (and is) located in a flood hazard area. Plaintiff was therefore required to
5  maintain flood insurance. If plaintiff did not maintain adequate flood insurance, Wells Fargo
6  could purchase flood insurance on the property and charge the cost back to plaintiff. The
7  amended complaint alleges that Wells Fargo force-placed flood insurance on the home
8  throughout 2010 and 2011. Prior to force-placing insurance, borrowers were mailed notices
9  requesting that they provide proof of insurance coverage. The notice stated that "the cost of
10 insurance we may secure may be much higher than the amount you would normally pay." It
11 further stated that Wells Fargo Insurance, Inc. ("WFI"), an affiliate of Wells Fargo Bank, would
12 receive a commission on the insurance (Wagner Decl. Exh. B-B).

13     In placing the flood insurance policy on the subject property, defendant Wells Fargo
14 allegedly entered into exclusive purchasing agreements with two insurers, QBE Insurance
15 Corporation and American Security Insurance Company ("ASIC"). Under this agreement, Wells
16 Fargo received "kickbacks" in the form of unearned commissions paid by QBE and ASIC to
17 Wells Fargo's affiliate, WFI (Amd. Compl. ¶¶ 4–5). The pleading also alleges that to maximize
18 kickbacks, defendant force-placed insurance policies with retroactive effective dates, even
19 though defendant was aware that there were no claims during the lapsed period, a practice
20 plaintiffs characterize as "backdating" (*id.* at ¶¶ 71–72).

21     Defendant moved to dismiss the Bank Holding Company Act claim arguing that the two
22 services in the alleged improper tying scheme are actually one service because WFI's services
23 are directed at defendant and not at plaintiffs. An April 24 order denied the motion, holding that

---

[*] Two of the original plaintiffs, Danny and Beverly Lane, were residents of Arkansas. They obtained a loan in 2001 from Freedom Financial Services of Arkansas, Inc. To secure the loan, plaintiffs executed a "Fannie Mae/Freddie Mac form mortgage" on a residential property in Arkansas (Amd. Compl. ¶ 27). Wells Fargo was the servicer and eventually purchased the note and mortgage. In its capacity as a mortgage servicer, Wells Fargo collected payments on behalf of the mortgage owner. On October 4, the parties herein stipulated to the dismissal of plaintiffs Danny and Beverly Lane pursuant to FRCP 41(a)(1)(A)(ii) (Dkt. No. 186).

whether two products are actually one is a inquiry of fact, not amenable to determination on a motion to dismiss (Dkt. No. 90).

A motion for class certification was then filed, seeking to certify a nationwide class and California and Arkansas subclasses. This motion was held in abeyance pending the outcome of a similar force-placed insurance case proceeding before Judge Edward Chen. *Cannon v. Wells Fargo Bank, N.A.*, No. 12-1376, 2013 U.S. Dist. LEXIS 93080 (N.D. Cal. July 2, 2013).

Following Judge Chen's ruling dismissing the force-placed claims in his action, a briefing schedule was set to allow the parties to address both Judge Chen and the undersigned's earlier rulings on this issue. The issue for determination is whether the amended complaint properly alleges a violation of the anti-tying provision of the Bank Holding Company Act, 12 U.S.C. 1972(1)(B). After a hearing on the issue, the undersigned judge has concluded that Judge Chen is correct. Defendant's motion to dismiss is **GRANTED**.

**ANALYSIS**

The Bank Holding Company Act prohibits certain tying arrangements, specifically:

> (1) A bank shall not in any manner extend credit, lease or sell property of any kind, or furnish any service, or fix or vary the consideration for any of the foregoing, on the condition or requirement —
>
> (B) that the consumer shall obtain some *additional* credit, property or service from a bank holding company of such bank, or from any other subsidiary of such bank holding company. . . .

12 U.S.C. 1972(1)(B) (emphasis added).

The amended complaint alleges that Wells Fargo is furnishing a service on the condition that the borrower shall obtain an additional service from Wells Fargo Insurance, Inc., which is a subsidiary of Wells Fargo's holding company, Wells Fargo & Company (Amd. Compl. ¶¶ 56, 61). As alleged in plaintiff's complaint, "the 'tying product' is Wells Fargo's service of purchasing insurance on borrowers' behalf" (*id*. at ¶ 149). "The 'tied product' in this arrangement is WFI's 'service' of acting as an insurance agent for forced-placed insurance" (*id*. at ¶ 148).

In its motion, Wells Fargo argues that there can be no tying unless the products are distinct and here they are not. Our court of appeals has held that "[a] tie-in is an arrangement by

3

1  one party to sell one product (the tying product), but only on the condition that the buyer also
2  purchase a *different* . . . product (the tied product)." *S & N Equip. Co. v. Casa Grande Cotton*
3  *Fin. Co.*, 97 F.3d 337, 346 (9th Cir. 1996) (emphasis added). In *S & N*, our court of appeals
4  stated that the question of whether there are two distinct products, or in fact only one, "turns on
5  the character of the demand for the two items." *Ibid.* (internal quotation marks omitted). It
6  noted, for example, that, in *McGee v. First Fed. Sav. & Loan Ass'n of Brunswick*, 761 F.2d 647,
7  648 (11th Cir. 1985), the Eleventh Circuit had found that "loan and loan-related appraisal
8  services are not two products because 'there is no legitimate consumer demand by a borrower to
9  purchase loan-related appraisal services separate from the purchase of the loan itself.' "
10 *S & N*, 97 F.3d at 346.

11 Here, there are not two distinct products with separate consumer demand because
12 purchasing insurance for someone and being an insurance agent for someone are the same thing.
13 In agreement with *Cannon*, this order holds that the service of purchasing insurance and the
14 service of being the agent for obtaining the insurance are really "nothing more than two sides of
15 the same coin." *Cannon*, No. 12-1376, 2013 U.S. Dist. LEXIS 93080, at *11. The purported
16 distinction presented herein is even less viable than that presented in *McGee*, inasmuch as here
17 there is no functional distinction between the two putative services.

18 None of plaintiff's arguments to the contrary is availing. For example, in her opposition,
19 plaintiff argues in the alternative that the tied service was "the commission of unspecified
20 services" (Opp. 1). Under our circuit's precedent, however, an unspecified service cannot satisfy
21 the requirement that there be consumer demand for the tied service, separate from the consumer
22 demand for the tying service. *See S & N*, at 346–47. It strains credulity to argue that borrowers
23 could demand unidentified services and plaintiff fails to identify what these services might be.

24 Plaintiff also says that the tying service was the "continued extension of credit" or that
25 the insurance agency services were tied to "any one of [Well's Fargo's] loan servicing
26 components (*i.e.*, collecting payments, forwarding principal and interest to note holders,
27 managing escrow accounts)" (Opp. 6–7). These arguments fail. *First*, plaintiff only raises one
28 tying service in her amended complaint: "Wells Fargo's service of purchasing insurance on

4

borrowers' behalf" (Amd. Compl. ¶ 149). *Second*, even if plaintiff had pled the new theory in her complaint, she would have fared no better. *It is uncontested that a borrower is free to purchase the insurance on the open market*. Plaintiff cannot show any forced tie between loan servicing and any other service when the borrower is free to obtain insurance from whomever he or she wishes. Accordingly, defendant's motion to dismiss the tying claim is **GRANTED**. The dismissal is with prejudice because, although plaintiff was given opportunity at the hearing to explain how there were distinct products or services provided by the bank, plaintiff failed to do so.

## CONCLUSION

Wells Fargo's motion to dismiss plaintiff's claim under the anti-tying provision of the Bank Holding Company Act is **GRANTED**. Thus, plaintiff's motion for class certification of the Bank Holding Company Act anti-tying provision is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: October 10, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5