# Exhibit B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MERCEDES GUERRERO, individually and for other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant . | No. 3:12-cv-04026-WHA<br><br>**NOTICE OF CLASS ACTION SETTLEMENT** |

**THIS IS A NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT.
PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED.
<u>YOU ARE ENTITLED TO MONEY FROM THIS SETTLEMENT</u>**

TO:    WELLS FARGO LOAN SERVICING CUSTOMERS WITH FHA LOANS FOR CALIFORNIA PROPERTIES WHO WELLS FARGO HAS IDENTIFIED AS HAVING BEEN CHARGED FOR FORCE-PLACED FLOOD INSURANCE FROM JULY 31, 2008, THROUGH AUGUST 16, 2013.

PLEASE READ THIS NOTICE CAREFULLY – YOUR RIGHTS MAY BE AFFECTED. THE PURPOSE OF THIS NOTICE IS TO INFORM YOU OF THIS LAWSUIT AND ITS SETTLEMENT SO THAT YOU CAN MAKE A DECISION AS TO WHETHER YOU SHOULD CHOOSE TO PARTICIPATE IN THE CLASS ACTION SETTLEMENT OR EXCLUDE YOURSELF FROM IT.

Additional copies of this notice may be found at the website of the Settlement Administrator at www.wells-fargo-california-fha-flood-insurance-settlement.com.

1.    **Why should I read this notice?**

A class has been certified by the Court in the above-captioned case, described in more detail below, consisting of persons who owned property in California with FHA loans serviced by Wells Fargo who were required to pay for force-placed flood insurance during certain time periods described below. Wells Fargo's records indicate that you are a member of this class. The parties have reached a proposed settlement of the case and you are entitled to participate in the benefits that have been obtained for the class as a result of the settlement of this lawsuit.

This notice provides a summary of what the lawsuit is about, as well as describing who is eligible to be included in the class and the effect of participating in this class action settlement.

2. **What is FHA?**

The Federal Housing Administration, generally known as "FHA," provides mortgage insurance on loans made by FHA-approved lenders throughout the United States and its territories. FHA insures mortgages on single family and multifamily homes including manufactured homes and hospitals.

FHA mortgage insurance provides lenders with protection against losses as the result of homeowners defaulting on their mortgage loans. The lenders bear less risk because FHA will pay a claim to the lender in the event of a homeowner's default. Loans must meet certain requirements established by FHA to qualify for insurance.

To qualify for FHA mortgage insurance, a lender must use form mortgages and deeds of trust written by the US Department of Housing and Urban Development.  As used in this notice, "FHA mortgage" refers to a mortgage or deed of trust made on an FHA form.  "FHA loan" refers to a loan secured by an FHA form mortgage or deed of trust.

To learn more about the FHA and FHA mortgage insurance, you can visit http://portal.hud.gov/hudportal/HUD?src=/program_offices/housing/fhahistory.

3. **What is loan servicing?**

Loan Servicing consists of managing the ongoing obligations of a mortgage loan. It includes collecting payments from the borrower and forwarding the principal and interest portions of the payment to the owner of the mortgage, which may be a different person or entity from the loan servicer. It also may include collecting mortgage, hazard, and/or flood insurance premiums and forwarding such premiums to the insurer(s); and it may include establishing and maintaining escrow accounts and performing other functions associated with the mortgage loan and set forth in the mortgage agreement. Loan servicing may include ensuring that a mortgaged property is covered by any insurance required in the mortgage agreement.

Wells Fargo acts as a loan servicer for loans that it owns and for loans that are owned by others. If you made or make your monthly mortgage payments to Wells Fargo or a Wells Fargo subsidiary, then Wells Fargo is your loan servicer.

4. **What is force-placed flood insurance?**

Force-placed flood insurance, also called lender-placed flood insurance, is insurance purchased by your lender or loan servicer that covers the structures on your property against damage from flood. Under the standard form FHA mortgage that you executed to get your mortgage loan, you agreed to purchase and carry flood insurance if your property is located in a federally designated flood area. You are getting this notice because Wells Fargo determined that you did not carry the required insurance, or determined that the insurance you carried was inadequate under its rules, and it purchased flood insurance to cover your property and charged your escrow account for such insurance.

5. **What is this lawsuit about?**

This lawsuit was filed in the United States District Court for the Northern District of California. The lawsuit challenges Wells Fargo's force-placed flood insurance practices. Plaintiff alleges Wells Fargo's force-placed insurance practices were designed to generate unfair and illegal profits for Wells Fargo instead of merely protecting its interest in the properties securing the loans it serviced. Specifically, Plaintiff alleges that Wells Fargo: (1) breached its mortgage contracts with borrowers, including the contractually implied covenant of good faith and fair dealing; (2) was unjustly enriched by its force-placed flood insurance practices; (3) converted to itself funds properly belonging to borrowers; and (4) violated the California Unfair Competition Law (B&P Code, § 17200, *et seq.*). Wells Fargo Bank, N.A. is the sole defendant in the lawsuit.

Plaintiff alleges that Wells Fargo had exclusive contractual arrangements with insurer QBE Insurance Corporation ("QBE") or American Security Insurance Company ("ASIC"), or their affiliates, through which Wells Fargo collected free services and kickbacks disguised as

2

"commissions" for improperly charging Plaintiff and members of the Class for excessively priced and retroactive flood insurance.

More specifically, Plaintiff alleges that Wells Fargo breached the terms of the standard form FHA mortgage agreement that it had with Plaintiff and class members when it purchased expensive force-placed insurance policies from QBE and ASIC, which paid kickbacks in the form of commissions to Wells Fargo and performed other services for Wells Fargo that inflated the insurance premiums that were charged to class members. Plaintiff also alleges that Wells Fargo improperly purchased insurance that covered time periods that had already passed and during which there were no claims. Plaintiff alleges that charging Plaintiff and the Class for the insurance unjustly enriched Wells Fargo and constituted a conversion of Plaintiff's and the Class's funds. Plaintiff further alleges that the acts described above violated the California Unfair Competition Law.

Wells Fargo denies Plaintiff's allegations and contends that its force-placed insurance program was fully lawful. The Court has not yet made any determination with respect to the merits of Plaintiff's claims. As further described below, the parties have reached a settlement of the case.

**6.     Who is a class member?**

By Order dated June 21, 2013, the Court approved the following Class:

> All persons with a residential mortgage loan secured by an FHA mortgage, who were charged by Wells Fargo Bank, N.A., for force-placed flood insurance on property in California from July 31, 2008, through the present, where such flood insurance was procured with the assistance of QBE Insurance Corporation or American Security Insurance Company, or their affiliates. This class excludes charges collected or extinguished through foreclosure, short-sale agreement, or grant of a deed in lieu of foreclosure or through cancellation or waiver by borrower's agreement with the lender.

You have received this notice because Wells Fargo has identified you as having satisfied the requirements for membership in the Class.

**7.     The effect of membership in the class.**

Persons who come within the definition of class membership and do not exclude themselves from the class will be bound by the settlement of this litigation and will be eligible to participate in the benefit that has been obtained for class members as a result of this litigation.

If you wish to remain a Class member, you are not required to do anything. If you remain a Class Member, you will be bound by the settlement and you will be entitled to share in the proceeds, less such costs, expenses, and attorney's fees as the Court may allow out of any such recovery.

**8.     Who represents the class?**

Plaintiff's Counsel, who represents the class in this lawsuit, is the firm Hagens Berman, Sobol Shapiro LLP, 1918 Eighth Avenue, Suite 3300, Seattle, Washington 98101.

**9.     What are my rights and options?**

You may (1) choose to participate in this class action settlement, in which case you do not need to do anything in response to this notice; (2) you may choose to exclude yourself from this class action settlement pursuant to the procedure set forth below; or (3) you may choose to object to this settlement, also under the procedure set forth below.

Do not request exclusion if you wish to participate in this lawsuit as a class member. If you exclude yourself from the class, you will not be affected by any decisions in this action, you will not be entitled to share in any recovery from the settlement in this action, and you will not be bound by the release of claims. If you intend to bring your own lawsuit, you should exclude yourself from the class.

This Notice does not fully describe all of the claims and contentions of the parties. The pleadings and other papers filed in this action are available for inspection, during business hours, at the United States District Court, 450 Golden Gate Ave., 16th Floor, San Francisco, CA 94102.

## I.     SUMMARY OF THE PROPOSED SETTLEMENT TERMS

The Court certified the Class on June 21, 2013, and preliminarily approved the settlement on [INSERT DATE].  The Settlement Agreement provides for the following relief:

### A.     Injunctive Relief (meaning Court ordered changes to Wells Fargo's flood insurance practices)

Commissions.  For a period of three (3) years from the date of final approval of the Settlement, neither Wells Fargo no any affiliate of Wells Fargo will receive commissions in connection with the placement of lender placed flood insurance on any residential California real estate that serves as collateral for an FHA Loan unless the receipt of such commissions is specifically authorized by statute, regulation or a federal or state regulatory body with appropriate jurisdiction. (*I.e.*, Wells Fargo and/or its affiliates shall no longer accept commissions from lender-placed insurers in connection with the placement of flood insurance on properties secured by FHA form deeds of trust during this time period unless the receipt of such commissions is specifically authorized by statute, regulations or a federal or state regulatory body with appropriate jurisdiction.).

### B.     Monetary Relief to Settlement Class Members and Distribution Formula

Pursuant to the Settlement Agreement, Wells Fargo has agreed to establish a non-reversionary Gross Settlement Fund of Six Hundred and Twenty-Five Thousand Dollars ($625,000.00).  This Fund will be used to provide monetary relief to all Settlement Class Members who do not timely opt out of the Settlement ("Eligible Class Members").  The following amounts will be deducted from the Gross Settlement Fund: any amounts approved by the Court for: (a) service award for the Named Plaintiff for her efforts in bringing and prosecuting this case (not to exceed $7,500; (b) attorneys' fees and costs to Class Counsel (by prior submission to the Court, not to exceed twenty-three percent (23%) of the Gross Settlement Fund including Class Counsel's actual expenses); and (c) the costs of the Claims Administrator.  The Court has not yet decided whether to award some or all of these amounts, but to the extent that any amounts are awarded, they will be deducted from the Gross Settlement Fund and the remainder will constitute the Net Settlement Fund.

Class Counsel currently estimates that the Net Settlement Fund will be sufficient for each Eligible Class Member to receive a complete recovery of their damages as calculated by Plaintiff's damages expert. Eligible Class Members will receive a check for approximately 20-25% of the lender-placed flood insurance net premiums that each Eligible Class Member was charged by Wells Fargo during the Class Period.

The Net Settlement Fund shall be distributed by check to Eligible Class Members in proportion to each Eligible Class Member's "Settlement Damages" as calculated by Plaintiffs' Damages Expert based upon the Class Data produced by Wells Fargo.  The Settlement Damages for Class Members shall be a pro-rata portion of the Net Settlement Fund based upon each Class Member's lender-placed flood insurance net premiums during the Class Period in proportion to the total Class lender-placed flood insurance net premiums during the Class Period.

## II.     Release of Claims

In exchange for the injunctive and monetary relief provided by the Settlement Agreement, all Settlement Class Members who do not timely exclude themselves by opting out of the Settlement will release the "Released Parties" from each of the "Released Claims.

The Released Parties are defined in the Settlement Agreement as: Wells Fargo Bank, N.A., and each and all of its past, present, and future parents, subsidiaries, affiliated companies and corporations, and each and all of the past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities of Wells Fargo and/or one or more of its past, present, and future parents, subsidiaries,

affiliated companies, and corporations and each and all of the executors, successors, assigns, and legal representatives of Wells Fargo and/or one or more of its past, present, and future parents, subsidiaries, affiliated companies and corporations.

The Released Claims are defined in the Settlement Agreement as: All claims or causes of action actually asserted on behalf of Plaintiff and Class Members in the First Amended Complaint. The Released Claims include: claims that Wells Fargo's business arrangements with lender-placed insurers were collusive, exploitative, or constituted self-dealing; that commission paid by lender-placed insurers to Wells Fargo or its affiliate Wells Fargo Insurance, Inc. for lender-placed flood insurance were wrongful or constituted "kickbacks"; that the premiums charged to borrowers for lender-placed flood insurance were excessive due to Wells Fargo's exclusive arrangements with lender-placed insurers; that Wells Fargo procured lender-placed flood insurance policies for borrowers with retroactive effective dates, i.e. that Wells Fargo "backdated" insurance; that lender-placed flood insurance premiums included the cost of functions that Wells Fargo outsourced to insurers, including insurance tracking for properties securing loans serviced by Wells Fargo, sending notices related to insurance coverage, and placing lender-placed insurance on borrowers' properties; that Wells Fargo procured excessively priced lender-placed flood insurance for borrowers to enrich itself or its affiliates; that Wells Fargo obligated borrowers with loans serviced by Wells Fargo to pay for commissions that insurers paid to Wells Fargo Insurance, Inc. through inflated lender-placed flood insurance premiums; that borrowers were charged lender-placed flood insurance premiums that included commissions to Wells Fargo Insurance, Inc. where Wells Fargo Insurance, Inc. did not perform services justifying its commission; that Wells Fargo charged excessive lender-placed flood insurance premiums to borrowers' escrow accounts; that Wells Fargo increased borrowers' monthly mortgage payments to pay for excessive lender-placed flood insurance premiums; or that Wells Fargo engaged in any other practices asserted in the First Amended Complaint in breach of Class Members' deeds of trust, the covenant of good faith and fair dealing, California Business & Professions Code Sections 17200, et seq., or constituting or supporting claims for conversion or unjust enrichment; and any other claims for insurance premiums, penalties, interest, punitive damages, costs, attorneys' fees, restitution, injunctive relief, declaratory relief, or accounting that are asserted in the First Amended Complaint

If the proposed settlement is approved by the Court, a judgment will be entered by the Court following the Final Fairness Hearing that will dismiss with prejudice the Released Claims as set forth above.  <u>This release will not affect in any way any claim for coverage under any insurance policy, including any lender-placed insurance policy</u>.

### III.     Your Legal Rights and Options

If you wish to participate in this settlement and simply receive the check to which you are entitled under the settlement, you do not need to do anything.

If you do not wish to participate in this settlement, in which case, you will not receive any check and you will not be bound by the release set forth above, then you must submit a written statement requesting exclusion from the settlement ("opt-out") postmarked no later than [INSERT DATE].  Your written request for exclusion must contain your name, address, telephone number and email address, and be personally signed by you.  No opt out request may be made on behalf of a group of Settlement Class Members.  The opt-out request must be sent by mail to the Claims Administrator at [INSERT ADDRESS] and must be timely postmarked as set forth above.  Any Settlement Class Member who requests exclusion from (opts out of) the settlement will not receive any money from the settlement and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon.

If you wish to object to the settlement, you must mail a written statement of your objection to the Claims Administrator at [INSERT ADDRESS] postmarked no later than [INSERT DATE].  You must include the basis for your objection, as well as your name, address, telephone number, and email address, and the objection must be personally signed you.  You must list any other cases in which you, or your attorney (if any), have objected to a class action settlement. The postmark date of the mailing envelope is the exclusive means that will be used to determine whether an objection is timely submitted.  Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection

(whether by appeal or otherwise) to the Settlement Agreement.

## IV.  The Final Fairness Hearing

On [INSERT DATE], at [INSERT TIME], in Courtroom 8 on the 19th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, the Court will hold a Final Fairness Hearing to determine whether to grant final approval to the proposed settlement and determine the appropriate amount of compensation to be awarded to Class Counsel and the Class Representative out of the Gross Settlement Fund.  You may, but are not required to attend this hearing.  You may also enter an appearance in the case through your own attorney, if you so desire.

You may review a copy of the Settlement Agreement and other documents that are pertinent to this case, including Class Counsel's Motion for Attorneys' Fees and Costs (when it is filed), at the settlement website, www.wells-fargo-california-fha-flood-insurance-settlement.com.  You may also review a copy of the Settlement Agreement at the Clerk's Office at the Court (450 Golden Gate Avenue, San Francisco, California 94102).

## V.  How to Obtain Additional Information

This Notice of Class Action Settlement provides a summary of the proposed Settlement Agreement.  If you have any questions concerning this settlement, you should visit the settlement website, www.wells-fargo-california-fha-flood-insurance-settlement.com.  If you have further questions after visiting the settlement website, you may call the Claims Administrator at [INSERT 1-800 NUMBER], or mail or email your inquiry to the Claims Administrator at the address below:

Wells Fargo Flood Insurance Claims Administrator
    Gilardi & Co.
    P.O. Box 8060
    San Rafael, CA 94912-8060

You may also contact Class Counsel, as follows:

    Thomas E. Loeser
    HAGENS BERMAN SOBOL SHAPIRO LLP
    1918 Eighth Avenue, Suite 3300
    Telephone:  (206) 623-7292
    Facsimile:  (206) 623-0594
    Email: toml@hbsslaw.com

**PLEASE DO NOT CONTACT THE COURT**