IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES GUERRERO, individually and for other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | No. C 12-04026 WHA<br><br>**ORDER RE FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEY'S FEES AND EXPENSES, AND SERVICE AWARD** |

**INTRODUCTION**

In this class action involving force-placed flood insurance on home mortgages, class representative and class counsel move for (1) final approval of the proposed class settlement; (2) $143,750 for attorney's fees and expenses; (3) reimbursement for the settlement administrator's expenses, capped at $28,604; (4) a $7,500 service award for class representative; and (5) designation of Habitat for Humanity as the *cy pres* recipient of any residual net settlement funds. Moreover, class representative's former counsel seek to respond and submit evidence. To the extent stated below, the requests are **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

The background of this action is set forth in prior orders (*see, e.g.*, Dkt. No. 212). In brief, this action began in June 2012. An amended complaint was permitted to add plaintiff Mercedes Guerrero, a California resident, as a putative class representative (Dkt. No. 82).

The other named plaintiffs in this action — Danny and Beverly Lane — already stipulated to dismiss their claims, and Wells Fargo Bank, N.A. is the only remaining defendant.

Guerrero obtained a mortgage loan based on a Federal Housing Administration form mortgage. Wells Fargo then serviced that mortgage beginning in 2010. Because Guerrero's home was located in a flood-hazard area, she was required to maintain adequate flood insurance; otherwise, Wells Fargo was authorized to (and did) force-place flood insurance on her property. In doing so, Wells Fargo allegedly entered into exclusive purchasing agreements with two insurers — American Security Insurance Company and QBE Insurance Corporation — so that ASIC and QBE would pay "kickbacks" in unearned commissions to a Wells Fargo affiliate. Wells Fargo also reportedly maximized these kickbacks via a "backdating" practice, *i.e.*, by force-placing flood insurance polices with retroactive effective dates. Guerrero thus sought to represent a California class based on Wells Fargo's alleged commissions and backdating, claiming breach of contract, unjust enrichment or restitution, conversion, and violation of California's Unfair Competition Law.

On June 21, 2013, a California class was conditionally certified with Guerrero as class representative. On August 16, 2013, that class was certified under Federal Rule of Civil Procedure 23, upon appointment of Hagens Berman Shobol Shapiro LLP as new class counsel and counsel for Guerrero in her individual capacity. The parties later agreed to a proposed class settlement, and an order filed on April 7, 2014, granted preliminary approval thereof (Dkt. No. 212).

Notice of settlement was then sent to class members, pursuant to the requirements of the settlement and the April 7 order. Among other items, the class notice provided adequate information about the proposed settlement relief, including the total settlement amount and injunction against Wells Fargo and its associates. The class notice also detailed the requested service award for Guerrero, the attorney's fees and expenses for class counsel, and the deadlines and rights that class members had to object to the settlement or exclude themselves from the class.

2

A motion is now made for (1) final approval of the proposed class settlement; (2) $143,750 for attorney's fees and expenses; (3) reimbursement for the settlement administrator's expenses, capped at $28,604; (4) a $7,500 service award for Guerrero; and (5) designation of Habitat for Humanity as the *cy pres* recipient of any residual net settlement funds.  In addition, Guerrero's former counsel — from before class certification — seek an opportunity to file a response and submit evidence in connection with the present request for attorney's fees and costs.  Having considered the relevant briefing and oral argument from the fairness hearing, this order rules as follows.

**ANALYSIS**

**1.  FINAL APPROVAL OF PROPOSED CLASS SETTLEMENT AND *CY PRES* DESIGNATION.**

In short, this order approves of the proposed class settlement.  As part of that settlement, Wells Fargo will pay a total amount of $625,000 to the class, which represents a 180% recovery of the best-case damages scenario (*i.e.*, $365,179.08), as calculated by Guerrero's damages expert (Dkt. No. 199-3 at 2).  Even if this order were to consider only the *net* amount of the settlement —*i.e.*, $445,146, after taking into account the requested attorney's fees and costs, the administrative expenses, and even the service award — Wells Fargo's settlement payment still comprises a 121.8% recovery of the best-case damages scenario.  The amount of the settlement payment therefore militates in favor of final approval here.

But there is more.  For three years from the date of final approval, the settlement would enjoin Wells Fargo and any of its affiliates from receiving (Loeser Exh. A at ¶ 15):

> [C]ommissions in connection with the placement of lender[-]placed flood insurance on any residential California real estate that serves as collateral for an FHA Loan unless the receipt of such commissions is specifically authorized by statute, regulation or a federal or state regulatory body with appropriate jurisdiction.

Such injunctive relief thus provides another benefit.  (This order cautions that when the three years runs, the bank should not treat it as an invitation to revert to its old way).

Further supporting final approval is the reaction of class members to the settlement itself. After reviewing and consolidating Wells Fargo's records, the settlement administrator identified 1,909 class members and mailed class notices thereto. Ninety-seven notices were returned as unavailable. The settlement administrator then used "skip trace" databases to find and use updated mailing addresses for 49 notices, but ultimately, were still unable to locate current mailing addresses for 59 remaining notices. To date, no class member has objected to the proposed class settlement, and no requests for exclusion from the class have been received, at least as of August 25, 2014 (Solorzano Reply Decl. ¶¶ 12, 13, 19–21). As to the 59 notices that were returned as undeliverable, those individuals will not release any claims, under the terms of the proposed class settlement itself (*see* Loeser Exh. A at ¶ 55).

This order further finds no issues with the proposed plan of allocation. Under that plan, there is no claim procedure. The settlement administrator will instead issue and mail checks via USPS first-class mail to class members, who will then have 120 days to cash their checks. Any leftover settlement funds will be redistributed to those class members who cashed their initial checks, if more than ten percent of the settlement amount remains. As for any settlement amount still remaining after the second distribution of checks, the parties have picked Habitat for Humanity as the *cy pres* recipient for any residual settlement amount left over (Solorzano Decl. ¶ 23). In other words, none of the settlement funds will revert to Wells Fargo.

Having considered the above, as well as all relevant submissions and the statements made at the fairness hearing, the order finds that the proposed class settlement is fair, reasonable, and adequate under Rule 23(e)(2). This order further finds that the notice of settlement and the manner in which it was sent to potential class members are reasonable and adequate in providing information about the proposed class settlement, the manner in which potential class members could participate in or object to the settlement, and the manner in which such class members could opt out of the class. Both the notice and the manner of notice therefore satisfy the requirements of Rule 23(e)(1).

4

With respect to potential class members whose class notices were returned as undeliverable, the proposed class settlement already provides that "the Class Release will not apply to those Class Members whose Class Notices . . . are ultimately returned as non-deliverable" (Loeser Exh. A at ¶ 55). Such individuals will be deemed excluded from participating in the proposed class settlement, such that they are not bound by either the settlement or its release of claims. Class counsel shall file a final list of names and cities for these individuals whose notices were returned as undeliverable — as well as a final list of names and cities for those individuals who will be receiving a settlement distribution — pursuant to the last paragraph of this order.

Accordingly, final approval of the proposed class settlement and plan of allocation is **GRANTED**. The request to designate Habitat for Humanity as the *cy pres* recipient of any residual settlement funds is also **GRANTED**.

### 2. ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES.

As class counsel, Hagens Berman Sobol Shapiro LLP seek a total of $143,750 in attorney's fees and expenses. In that connection, a district court must ensure that attorney's fees are "fair, reasonable, and adequate," even if the parties have entered into a settlement agreement that provides for those fees. *See Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003). For such fees, "the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

Here, class counsel primarily rely on the percentage-of-the-fund method, pointing out that the $143,750 amount has two parts: (1) $126,300.48 for net attorney's fees; and (2) the remainder amount for out-of-pocket litigation expenses, such as expert fees and costs for copies, postage, court filings, and other items (Loeser Decl. ¶ 46). As to the net attorney's fees, that amount constitutes 20.2% of the total settlement amount, which is below the 25% benchmark set forth by our court of appeals under the percentage-of-the-fund method. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Class counsel have also sufficiently documented the types of litigation expenses that comprise the remainder amount (Loeser Decl. ¶ 46; Dkt. No.

232). Furthermore, the benefits of this action — such as the total settlement amount and injunctive relief for the class — support a finding that the request for attorney's fees and expenses is fair and reasonable (Loeser Decl. ¶¶ 22–46). Accordingly, subject to the timing restrictions set forth below, Hagens Berman Sobol Shapiro LLP's request for attorney's fees and expenses is **GRANTED**.

Moreover, the request to reimburse the settlement administrator's fees, capped at $28,604, is reasonable. To date, the settlement administrator declares that it has spent $12,420.59 on this action, and estimates another $13,015.61 in costs to distribute the initial checks to class members (Solorzano Decl. ¶¶ 24, 25). The request to pay the $12,420.59 amount and reserve the $13,015.61 amount from that total settlement fund is accordingly **GRANTED**. In the event that there is a second distribution of checks to class members, the fees and costs associated with the second distribution will be paid from the remaining settlement funds to be issued in that distribution.

Here the order pauses to address Guerrero's request for a $7,500 service award. In short, this award is sought as "reimbursement for [Guerrero's] significant time and effort as Class Representative" (Br. 15). There is no declaration, however, specifying how much time or effort Guerrero spent on this action. At most, class counsel declares that Guerrero (Loeser Decl. ¶¶ 10–13) (emphasis added):

> [A]greed to invest *considerable time* in the process of interviewing and selecting replacement Class Counsel . . . .
>
> [I]nterviewed four sets of interested counsel and had *multiple teleconferences* with each team.
>
> [P]repared several letters concerning the process and submitted her views to the Court.
>
> [I]mmediately became involved in the litigation and was of *substantial assistance* to Class Counsel in prosecuting this action on behalf of all Class Members.
>
> as of *substantial assistance* to Class Counsel in prosecuting this action on behalf of all Class Members . . . .
>
> [T]ook on *significant risk*, real and percieved, in suing a large bank that serviced her home mortgage loan, and performed her duties admirably over the course of this case.

6

A class representative should not get a bonus. If the settlement is not good enough for the representative, it should not be good enough for the class. Only where the class representative has actually incurred genuine out-of-pocket costs should those costs be considered, and even then we must be careful to avoid an incentive to support a marginal settlement. In this case, given the thin record of what Guerrero actually did, she will be awarded $1,000, nothing more. Guerrero's request is therefore **GRANTED IN PART**.

### 3. FORMER COUNSEL'S RESPONSE.

Guerrero's former counsel have filed a response to the request for attorney's fees and costs, arguing that it would be unfair for the undersigned judge to consider certain statements made by class counsel in their declaration without allowing former counsel to respond and submit evidence. The disputed statements are as follows (Loeser Decl. ¶ 4):

> Ms. Guerrero had sought the assistance of counsel but had been told that Wells Fargo was too big to fight. Ultimately, Ms. Guerrero responded to a notice by prior counsel in this case who were seeking additional class representatives. *That notice campaign occurred after this Court had dismissed the over-insurance claims. Ms. Guerrero was enlisted as a class representative plaintiff, but she was not told by prior counsel that the over-insurance claims, the claims that were most important to Ms. Guerrero, had already been dismissed.*
>
> \*   \*   \*
>
> Ms. Guerrero learned that there were no over-insurance claims in this case only after she read the Court's Order on Conditional Certification[.]

This order, however, does not consider the above statements in deciding the present motion for attorney's fees and expenses. Prior counsel's request to respond and submit evidence is thus **DENIED AS MOOT**.

## CONCLUSION

Accordingly, it is hereby ordered as follows:

1. The notice of settlement, as well as the manner in which it was sent to class members, fairly and adequately described the proposed class settlement, the manner in which class members could object to or participate in the settlement, and the manner in which class members could opt out of the class; was the best

7

notice practicable under the circumstances; was valid, due, and sufficient notice to class members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws.  A full and fair opportunity has been afforded to class members to participate in the proceedings convened to determine whether the proposed class settlement should be given final approval.  As such, the undersigned hereby determines that all class members who did not exclude themselves from the settlement by filing a timely request for exclusion are bound by this settlement order and judgment.

2. Class counsel shall file a final list of names and cities for class members whose class notices were returned as undeliverable with no new addresses found.  These individuals are deemed excluded from participating in the proposed class settlement, and thus are not bound by either the settlement or its release of claims.  Class counsel shall also file a final list of name and cities for those individuals who will be receiving a settlement distribution.

3. This order also finds that the proposed class settlement is fair, reasonable, and adequate as to the class, plaintiffs, and defendants; that it is the product of good faith, arms-length negotiations between the parties; and that the settlement is consistent with public policy and fully complies with all applicable provisions of law.  The settlement is therefore approved.

4. Having considered class counsel's motion for attorney's fees and expenses, this order hereby awards Hagens Berman Sobol Shapiro LLP attorney's fees and expenses in the amount of $143,750.  Both the attorney's fees and expenses will be paid from the total settlement amount.  Defendant is authorized to pay half of the amount for attorney's fees to Hagens Berman Sobol Shapiro LLP immediately.  The rest of the attorney's fees is authorized to be paid only after Hagens Berman Sobol Shapiro LLP certify that all other funds have been distributed to the class.  Furthermore, class counsel's remaining expenses may be paid immediately.

5. This order also grants the request to pay the settlement administrator's fees, capped at $28,604, such that $12,420.59 is authorized to be paid immediately to the settlement administrator. Moreover, $13,015.61 shall be held in reserve from the total settlement fund, for future payment of the settlement administrator's fees.

6. In addition, this order grants $1,000 for class representative Mercedes Guerrero in this matter (in addition to her settlement distribution).

**IT IS SO ORDERED.**

Dated: September 2, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9